Brian Dale BRAMLET et al., Appellants,

v.

James A. WILSON et al., Appellees.

No. 73–1720.

United States Court of Appeals,
Eighth Circuit.

Submitted Jan. 18, 1974.

Decided April 10, 1974.

W. Rudy Moore, Jr., Springdale, Ark., for appellant.

Sidney H. McCollum, Little & Lawrence, Bentonville, Ark., for appellee.

Before MEHAFFY, Chief Judge, and LAY and ROSS, Circuit Judges.

ROSS, Circuit Judge.

Three minor children enrolled in the Gentry, Arkansas, public schools and their mother, as their next friend and in her own behalf, brought this action under 42 U.S.C. § 1983 against the superintendent of the Gentry public schools and the board members of the Gentry School Board alleging violation of their rights guaranteed by the eighth and fourteenth amendments to the Constitution. Compelled by Arkansas state law to attend public school, the minor plaintiffs allege that they are thereby the unwilling victims of a policy fostering the infliction of corporal punishment as a means of discipline instituted and maintained by the defendants. The complaint avers that corporal punishment as administered by the defendants is cruel and unusual punishment; that the children so punished are denied procedural

safeguards guaranteed by the fourteenth amendment; and that plaintiffs' natural mother's parental right to raise her children as secured to her by the fourteenth amendment is usurped by defendants.

The defendants moved to dismiss the complaint on the grounds that it did not state a claim upon which relief could be granted. The district court granted the motion and entered an order dismissing the complaint. For the reasons hereinafter expressed we reverse and remand.

■ The test most often applied to determine whether a complaint warrants dismissal for failure to state a claim upon which relief could be granted originated in Conley v. Gibson, 355 U.S. 41, 45–46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957):

> [I]n appraising the sufficiency of the complaint we follow, of course, the accepted rule that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.[1]

All that is required by Federal Rule of Civil Procedure 8(a) is "a short and plain statement of the claim showing that the pleader is entitled to relief." Additionally, pleadings should be construed to do substantial justice. Federal Rule of Civil Procedure 8(f). Specificity sufficient to supply fair notice of the nature of the action will withstand a motion under Rule 12(b)(6). Hanson v. Hunt Oil Co., 398 F.2d 578, 581 (8th Cir. 1968); 5 C. Wright & A. Miller, Federal Practice and Procedure: Civil § 1216 at pp. 120–21 (1969). Accordingly, a complaint should not be dismissed merely because a plaintiff's allegations do not support the particular legal theory he advances, for the court is under a duty to examine the complaint to determine if the allegations provide for relief on any possible theory. 5 Wright & Miller, *supra,* § 1219. Nor should a complaint be dismissed that does not state with precision all elements that give rise to a legal basis for recovery. Sparks v. England, 113 F.2d 579, 581–582 (8th Cir. 1940). Finally, a complaint should not be dismissed merely because the court doubts that a plaintiff will prevail in the action. Thomason v. Hospital T.V. Rentals, 272 F.2d 263, 266 (8th Cir. 1959). That determination is properly made on the basis of proof and not merely on the pleadings.

■ The question, therefore, is whether in the light most favorable to the plaintiff, the complaint states any valid claim for relief. Jenkins v. McKeithen, 395 U.S. 411, 421–422, 89 S.Ct. 1843, 23 L.Ed.2d 404 (1969); Leimer v. State Mutual Life Assurance, 108 F.2d 302, 305–306 (8th Cir. 1940). Thus, as a practical matter, a dismissal under Rule 12(b)(6) is likely to be granted only in the unusual case in which a plaintiff includes allegations that show on the face of the complaint that there is some insuperable bar to relief. TV Signal Co. of Aberdeen v. American Tel. and Tel. Co., 462 F.2d 1256, 1258 (8th Cir. 1972); Lewis v. Chrysler Motors Corp., 456 F.2d 605, 607 (8th Cir. 1972) (cases cited therein). Applying the above rules to this case, a dismissal would be warranted if the defendants are not suable under 42 U.S.C. § 1983, or if the civil rights act is not a viable vehicle to redress the infliction of corporal punishment, or if the plaintiffs have not alleged facts sufficient to demonstrate that they have suffered the infliction of corporal punishment.

■ We have, in the past, permitted suits for injunctive relief under 42 U.S.C. § 1983 against school boards. *See, e. g.,* Floyd v. Trice, 490 F.2d 1154 (8th Cir. 1974); Strickland v. Inlow, 485 F.2d 186, 189 (8th Cir. 1973). The recent holdings of Moor v. County of Alameda, 411 U.S. 693, 93 S.Ct. 1785, 36 L.Ed.2d 596 (1973) and City of Keno-

---

1. This rule was recently reiterated in Haines v. Kerner, 404 U.S. 519, 520–521, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972) with respect to pro se civil rights complaints challenged for sufficiency by a motion to dismiss.

sha v. Bruno, 412 U.S. 507, 93 S.Ct. 2222, 37 L.Ed.2d 109 (1973) that a municipal corporation is not a suable entity under § 1983 do not impair the maintenance of this suit against individual school board members even if we assume that *Moor* and *Kenosha* were equally applicable to school board entities. That was settled in Monroe v. Pape, 365 U.S. 167, 171–172, 81 S.Ct. 473, 476, 5 L.Ed. 2d 492 (1961):

> There can be no doubt at least since Ex parte Virginia, 100 U.S. 339, 346–347, 25 L.Ed. 676, that Congress has the power to enforce provisions of the Fourteenth Amendment against those who carry a badge of authority of a State and represent it in some capacity, whether they act in accordance with their authority or misuse it. . . . The question with which we now deal is the narrower one of whether Congress, in enacting [42 U. S.C. § 1983], meant to give a remedy to parties deprived of constitutional rights, privileges and immunities by an official's abuse of his position. . . . We conclude that it did so intend.

(Citations omitted.) Plaintiffs here have maintained this action against individual school board members. Thus, the defendants are properly sued under the civil rights act.

In assessing whether 42 U.S.C. § 1983 is an appropriate vehicle to redress the injuries asserted here, we must determine whether permissible discipline may be implemented through the infliction of excessive and abusive corporal punishment and whether such a practice can be examined under the eighth amendment. As we have recently said, the designation of conduct as other than "punishment" is simply a label of convenience and will not obviate an eighth amendment inquiry. Knecht v. Gillman, 488 F.2d 1136 (8th Cir. 1973).

To find that this complaint, therefore, states a claim upon which relief could be granted we need only conclude that corporal punishment *in some circumstances* might constitute cruel and unusual punishment. Cognizant of the lower courts[2] that have addressed and rejected the issue, we need express no opinion here as to whether corporal punishment is cruel and unusual punishment per se. Instead it is sufficient that an excessive amount of physical punishment could be held to be cruel and unusual and therefore prohibited. *Cf.* Jackson v. Bishop, 404 F.2d 571, 579–580 (8th Cir. 1968); Nelson v. Heyne, 355 F.Supp. 451, 454 (N.D.Ind.1972); Collins v. Schoonfield, 344 F.Supp. 257, 278 (D. Md.1972). Bramlet has alleged here that the corporal punishment as administered by the Gentry defendants is characterized by "excessive force" that causes "severe physical damage to students." Thus the facts might demonstrate some basis for relief cognizable under 42 U.S.C. § 1983.

Finally we hold that the complaint states a claim upon which relief can be granted since the plaintiffs have alleged, inartfully, that they have themselves sustained the infliction of corporal punishment. That provides a personal stake in the outcome sufficient to assure a "concrete adverseness which sharpens the presentation of issues." Baker v. Carr, 369 U.S. 186, 204, 82 S.Ct. 691, 703, 7 L.Ed.2d 663 (1962). However, the past exposure "to illegal conduct does not in itself show a present case or controversy" prerequisite to injunctive relief "if unaccompanied by any continuing, present adverse effects." O'Shea v. Littleton, 414 U.S. 488, 495, 94 S.Ct. 669, 676, 38 L.Ed.2d 674 (1974).

In *O'Shea*, the Court held that although past wrongs are generally evidence bearing on whether there is a real and immediate threat of repeated injury,

---

2. Gonyaw v. Gray, 361 F.Supp. 366, 368 (D. Vt.1973); Glaser v. Marietta, 351 F.Supp. 555, 557 (W.D.Pa.1973); Sims v. Board of Education, 329 F.Supp. 678, 690 (D.N.M. 1971); Ware v. Estes, 328 F.Supp. 657 (N. D.Tex.1971), aff'd, 458 F.2d 1360 (5th Cir.) (per curiam), cert. denied, 409 U.S. 1027, 93 S.Ct. 463, 34 L.Ed.2d 321 (1972). *See also* Annot., 43 A.L.R.2d 469 (1955).

they are not *always* a predicate for the prospect of future injury. Specifically, the prospect of future injury cannot rest on the likelihood that a party anticipates violating a lawful criminal statute, for there are no continuing, present adverse effects from conforming conduct to the command of a valid statute. Thus, the absence of allegations that any relevant criminal statuté was unconstitutional on its face or as applied or that plaintiffs had been or would be improperly charged with violating criminal law meant that the parties in *O'Shea* had alleged no present injury sufficient to show an existing controversy. O'Shea v. Littleton, *supra,* 414 U.S. at 493–496, 94 S.Ct. 669.

The facts in this case are distinguishable from *O'Shea.* Here the complaint alleges:

> The threat, extent and severity to which corporal punishment has been inflicted on the Plaintiffs by the Defendants through their employees is so physically and emotionally abusive and damaging that the Plaintiffs will sustain immediate and irreparable injury, if said acts are not immediately enjoined.

In short, a threat of future injury arising from a policy challenged as offensive to the Constitution on its face and "as applied" is alleged here. Unlike *O'Shea,* no criminal statute valid on its face and valid as applied interjects a deterrent to future injuries. Thus, having alleged past infliction of corporal punishment, *excessive in nature,* and the threat of future injury, Bramlet has advanced facts which, if proven to be true, can sustain a right to injunctive relief. *See also* Floyd v. Trice, No. 73–1474, 490 F. 2d 1154 (8th Cir. 1974).

For the reasons hereinbefore expressed the judgment of the district court is reversed and the cause is remanded to the district court for a determination on the merits.

MEHAFFY, Chief Judge (dissenting).

The majority opinion reverses the district court's dismissal in this case primarily on the ground that plaintiffs should have been allowed an opportunity to prove their claims of excessive punishment. I cannot agree with the majority's conclusion and I respectfully dissent.

This is not an action challenging any specific incident or incidents of excessive corporal punishment. No defendant in this suit is alleged to have administered even a single blow. Instead, the defendants in this action are the members of a public school board who have established a policy authorizing corporal punishment. Plaintiffs contend that the defendants' policy is devoid of any regulations regarding the administration of corporal punishment and that this silence results in excessive punishment. Even assuming that the defendants have in fact delegated to each teacher full discretion to administer such corporal punishment as the teacher may deem proper, I fail to perceive any federal constitutional claim upon which relief could be granted against the school board.

Arkansas law, like the law of almost every other state in the Union, limits the authority of a public school teacher to administer corporal punishment to such punishment as is reasonable in light of the physical characteristics of the student and the nature of the student's offense. The administration of any punishment that exceeds reasonability in light of the student's physical characteristics and the nature of the offense will expose the teacher personally to civil and perhaps criminal liability. *See, e. g.,* Berry v. Arnold School Dist., 199 Ark. 1118, 137 S.W.2d 256 (1940); Annot., 43 A.L.R.2d 469 (1955); Restatement (Second) of Torts §§ 153(2), 155(a) (1964). Given the limitations that Arkansas law places on a teacher's authority to administer corporal punish-

ment, I do not understand how the defendants' alleged failure to provide regulations can be construed as an authorization or condonation of excessive punishments.

I feel the court should confront the merits of all of plaintiffs' allegations and affirm the dismissal ordered by the district court.