461 F.Supp. 662 (1978)
SIOUX CITY COMMUNITY SCHOOL DISTRICT, Plaintiff,
v.
INTERNATIONAL TELEPHONE & TELEGRAPH CORP., Defendant.
No. C 78-4017.
United States District Court, N. D. Iowa, W. D.
December 14, 1978.
*663 Marvin J. Klass and A. J. Stoik of Stewart, Hatfield, Klass & Whicher, Sioux City, Iowa, for plaintiff.
Peter A. Cross, New York City, Wiley Mayne, John D. Mayne, Sioux City, Iowa, for defendant.

ORDER
McMANUS, Chief Judge.
This matter is before the court on defendant's motions to dismiss and to strike. Granted in part and denied in part.
Plaintiff, an Iowa school corporation organized under the laws of Iowa, instituted this diversity action to recover damages in excess of $10,000.00 against defendant, a Delaware corporation with its principal place of business in New York, pursuant to 28 U.S.C. § 1332.
Plaintiff alleges that it entered into written contracts with Haco Engineering Company (Haco) on July 8, 1970 for purchase of 26 "rooftop reheat multizone heating units" and with Stroh Corporation (Stroh) on August 27, 1970 for purchase of another 39 of the same units, all for use at two of plaintiff's Sioux City, Iowa schools. All the units were manufactured by one of defendant's divisions and sold to Haco and Stroh for further distribution. The units had been expressly warranted by defendant to perform satisfactorily for a period of 10 to 15 years from the date of installation.
Plaintiff further alleges that the heat exchangers in the units were defective from the time of manufacture, making the units worthless when installed and unreasonably dangerous in that they discharged or emitted carbon monoxide and other noxious gases into the air, subjecting all persons in and around the schools to a risk of death or serious physical injury. This condition has allegedly caused plaintiff considerable expense in removing and replacing the units and in daily monitoring of the air quality.
Plaintiff asserts its action upon various legal theories of products liability: breach of express warranty (count 1), and implied warranties of merchantability (count 2) and fitness for particular purpose (count 3); strict liability in tort (count 4); and negligent design (count 5). Plaintiff also alleges that as of at least 1972 defendant has been aware of the defect and the dangerous risk involved, and has failed to notify plaintiff of the availability of repair kits and differently designed units. Characterizing this omission on defendant's part as willful, wanton and reckless, plaintiff prays for punitive damages (count 6).
It is noted that nowhere in the complaint does plaintiff allege any actual injury to persons or damage to plaintiff's property other than to the heating units  the products themselves. It is on the basis of this omission in the pleading that defendant now moves pursuant to FRCP 12(b)(6) to dismiss count 4 for failure to state a claim. Defendant also moves to dismiss or to strike count 6, which constitutes the plaintiff's prayer for punitive damages. Plaintiff resists all the motions.

I
A motion to dismiss is the proper method for testing the legal sufficiency of a complaint. 2A Moore's Federal Practice, ¶ 12.08 at 2265-66 (2d ed. 1975). A motion to dismiss for failure to state a claim should not be granted unless it appears beyond doubt that the plaintiff could prove no set of facts in support of its claim which would entitle it to relief. Cruz v. Beto, 405 U.S. *664 319, 322, 92 S.Ct. 1079, 31 L.Ed.2d 263 (1972); Haines v. Kerner, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972); Conley v. Gibson, 355 U.S. 41, 45-46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957); Stifel, Nicolaus & Co. v. Dain, Kalman & Quail, Inc., 578 F.2d 1256, 1260 (8th Cir. 1978); Bramlet v. Wilson, 495 F.2d 714, 716 (8th Cir. 1974). In ruling on the motion the court must construe the complaint liberally, taking the alleged facts as true and entitling the plaintiff to all reasonable inferences in its favor that may be drawn from the alleged facts. Warth v. Seldin, 422 U.S. 490, 501, 95 S.Ct. 2197, 45 L.Ed.2d 343 (1975); Stifel, Nicolaus & Co. v. Dain, Kalman & Quail, Inc., supra, at 1260.

II
The Iowa Supreme Court has recognized the products liability theory of strict liability in tort, Hawkeye-Security Ins. Co. v. Ford Motor Co., 174 N.W.2d 672, 684 (Iowa 1970) (Hawkeye I) and has indicated that an essential element of that theory is that the defect in the product was the proximate cause of personal injuries or property damage suffered by the user or consumer,[1]Kleve v. General Motor Corp., 210 N.W.2d 568, 571 (Iowa 1973) (emphasis added). Courts and commentators have delineated at least four distinct categories of harm which could be held recoverable under the theory of strict liability in tort for defective products: (1) physical injury to persons; (2) physical damage to tangible things other than the product itself; (3) physical damage to the product itself; and (4) commercial or economic losses which involve no physical harm but which are occasioned by the unfitness of the product. See Iowa Electric Light & Power Co. v. Allis-Chalmers Mfg. Co., 360 F.Supp. 25, 28 (S.D.Iowa 1973). Iowa law clearly allows recovery for damages described in categories (1) and (2). Id.; Kleve, supra; Hawkeye I, supra. See Aller v. Rodgers Mach. Mfg. Co., 268 N.W.2d 830 (Iowa 1978). The Iowa courts have not yet clarified whether their recognition of strict liability encompasses recovery for damages described in categories (3) or (4). Thus, the federal courts have been faced with the task of divining what the scope of the Iowa law is or would be if the state courts were presented with issues similar to the one now being considered in this case.
Indeed, on a previous occasion, this court has interpreted the Iowa law to require dismissal of a strict liability claim wherein the plaintiff sought to recover "the value of the machines, plus installation expenses, repair costs, and additional damages exceeding $200,000.00 for loss of business profits and goodwill." Midland Forge, Inc. v. Letts Industries, Inc., 395 F.Supp. 506, 514-15 (N.D.Iowa 1975). Noting that, traditionally, damages are recoverable in tort for personal injuries or damages to property other than the defective product itself, it was decided in Midland Forge that the law of strict liability in Iowa does not create any remedy for economic losses resulting from a product malfunctioning in its commercial use, especially where neither party appears to have been in an unequal bargaining position. Id.; Accord Iowa Electric, supra, at 27-33. Cf. Boone Valley Coop. Processing Ass'n v. French Oil Mill Mach. Co., 383 F.Supp. 606, 614-15 & n. 6 (N.D.Iowa 1974) [interpreting the Iowa Electric case not to preclude a strict liability claim by any plaintiff who is of equal bargaining position with defendant, but rather narrowly construing the Iowa Electric decision to preclude a strict liability claim by a corporate plaintiff seeking to recover solely for economic loss.]
It is obvious that, absent any clarification of the Iowa law from the state courts, the federal courts will continue to thrash about almost blindly on this issue. Since such clarification has not come subsequent to the aforeindicated federal decisions, this court is once again required to *665 apply uncertain state law.[2] In an attempt to clarify prior federal court holdings, therefore, this court now reads the Iowa law to be that a strict-liability claim will not arise absent allegations of personal injury or damage to property other than the product itself, with the possible exceptions where (1) the parties are of unequal bargaining position or (2) where the plaintiff seeks recovery in addition to "loss of the bargain" and concomitant commercial/economic losses that result only from loss of the bargain (see, e. g., categories of harm (3) and (4) supra). Midland Forge, supra; Boone Valley, supra; Iowa Electric, supra.
In this case, plaintiff does not allege personal injury, damage to property other than the product itself, or unequal bargaining position; nor does a liberal reading of the pleadings indicate any reasonably permissible inference of unequal bargaining position. Plaintiff, moreover, alleges damages only in the nature of removal and replacement expenses, and of daily air quality monitoring expenses. The court considers these damages to be subsumed under the categories of "loss of the bargain" and economic loss resulting from a loss of the bargain. Thus, the court finds that count 4 of plaintiff's complaint fails to state a strict liability claim for which relief can be granted under Iowa law. The motion to dismiss count 4 is granted.[3]

III
Defendant further moves to dismiss or strike count 6 for failure to state a claim for punitive damages. The court reads count 6 to incorporate all prior allegations of the complaint and to refer, therefore, to plaintiff's breach of warranties and negligence counts. Plaintiff also alleges in count 6 willful or wanton conduct on defendant's part in reckless disregard of plaintiff's interests. The court views this as sufficient to support a claim arising under Iowa law for punitive damages. See, e. g., Claude v. Weaver Constr. Co., 261 Iowa 1225, 158 N.W.2d 139, 143-45 (1968). It is the court's opinion that defendant's motions with respect to count 6 go more to the burden of proving a claim for punitive damages than to the requisite allegations to properly state a claim for punitive damages. Thus, the motions to dismiss or to strike count 6 should be denied. See also 2A Moore's Federal Practice, ¶ 12.21[2] (2d ed. 1975).
It is therefore
ORDERED
1. Motion to dismiss count 4 of the complaint granted.
2. Motions to dismiss or to strike count 6 of the complaint denied.
NOTES
[1] The Iowa Supreme Court has extended the availability of the strict liability theory to bystanders who are not owners or users of the product. Haumersen v. Ford Motor Co., 257 N.W.2d 7, 15-16 (Iowa 1977). See Passwaters v. General Motors Corp., 454 F.2d 1270, 1277-78 (8th Cir. 1972).
[2] In numerous prior opinions this court has expressed the desirability of some sort of law in Iowa whereby the federal court could certify to the Iowa Supreme Court questions of law which have not been decided by the high court of the state. See also, Iowa Electric, supra, at 32-33; National Conference of Commissioners on Uniform State Laws, Uniform Certification of Questions of Law Act. The court notes, moreover, that the Iowa General Assembly has considered such legislation; see Senate File 2005, 67 Iowa G.A., 2d Sess. (filed Jan. 9, 1978); but question of the proposed act's constitutionality has been raised. Compare S.F. 2005 with Iowa Const. art. V, § 4. It is likely, therefore, that ultimately controlling clarification of the Iowa strict-liability issue will have to await a future decision by the Iowa Supreme Court.
[3] It is noted that this result does not unfairly prejudice the plaintiff, as plaintiff's breach of warranties and negligence claims remain. These claims, if proved, provide the plaintiff with adequate bases for recovery of all its alleged damages. Moreover, if in subsequent proceedings or discovery it should appear that damages of a different character or inequality of bargaining position in fact exist, the federal rules allow for the plaintiff to amend its pleading to conform to the evidence. See FRCP 15(b). Thus, the court emphasizes that its holding here is that Count 4 of plaintiff's complaint fails to state a strict liability claim and that the court's liberal reading of the complaint detects no reasonable implications of fact to support such a claim.