In re Harvey D. SHEEHAN and Andrea L. Sheehan, d/b/a J.E.S. Farms, a sole proprietorship, Debtors.

Harvey D. SHEEHAN and Andrea L. Sheehan, Plaintiffs,

v.

PRUDENTIAL INSURANCE COMPANY OF AMERICA, a Corporation, Defendant.

Bankruptcy No. 384–00013.
Adv. No. 385–0021.

United States Bankruptcy Court, D. South Dakota.

March 3, 1986.

James P. Hurley, Bangs, McCullen, Butler, Foye & Simmons, Rapid City, S.D., for plaintiffs.

Robert E. Hayes, Davenport, Evans, Hurwitz & Smith, Sioux Falls, S.D., for defendant.

MEMORANDUM DECISION

PEDER K. ECKER, Bankruptcy Judge.

*Motion to Dismiss for Failure to
State a Claim*

On May 1, 1985, the debtors, Andrea and Harvey Sheehan, filed a complaint objecting to the allowance of the claim of Prudential Insurance Company of America. The defendant responded with a motion to abstain or, in the alternative, for withdrawal of reference; a motion to dismiss the complaint for failure to state a cause of action; and a motion to dismiss for lack of jurisdiction. On July 10, 1985, the Court held a pre-trial conference. An order was subsequently entered which established a briefing schedule on the motion to dismiss for failure to state a cause of action and continued the remaining motions pending the outcome of the motion to dismiss and the outcome of several matters in the main case. Discovery was to proceed with any conflicts to be heard by the Court on ten days' notice by either party.

The matters at issue in the main case were decided and an opinion was entered February 19, 1986, 58 B.R. 296. The Court has now carefully considered the files, pleadings, and briefs of counsel in this adversary and denies the motion to dismiss for failure to state a cause of action.

A motion to dismiss for failure to state a claim upon which relief may be granted under F.R.Civ.P. 12(b)(6) is to be construed in the light most favorable to the pleading party, with all material allegations taken as admitted and doubts to be resolved in favor of the pleader. *Scheuer v. Rhodes*, 416 U.S. 232, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974). The court, in ruling on a 12(b)(6) motion, primarily considers the allegations in the complaint, although matters of public record and exhibits attached to the complaint also may be taken into account. 5 C. Wright & A. Miller, *Federal Practice and Procedure, Civil*, § 1357 (1969).

The motion to dismiss for failure to state a claim is rarely granted and looked upon with disfavor by the federal courts, whose policy favors a resolution of actions on their merits. *Id.* The Supreme Court, in *Conley v. Gibson*, 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957), set out the test most often used in determining the sufficiency of a complaint:

> ... in appraising the sufficiency of the complaint, we follow, of course, the accepted rule that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.

*Id.* at 45–46, 78 S.Ct. at 101–102.

A complaint should not be dismissed because the plaintiff's allegations do not support the legal theory upon which he intends to proceed. The court has a duty to examine the allegations to determine if relief is possible on any theory. *Bonner v. Circuit Court of City of St. Louis*, 526 F.2d 1331, 1334 (8th Cir.1975). Likewise, a complaint should not be dismissed because the court has doubts about whether the plaintiff will prevail in the action, which is more properly determined upon the basis of proof rather than the pleadings. *Bramlet v. Wilson*, 495 F.2d 714 (8th Cir.1974).

For the most part, complaints are dismissed under Rule 12(b)(6) only in cases in which there is a bar to relief which cannot be overcome under any set of facts. *Thomas W. Garland, Inc. v. City of St. Louis*, 596 F.2d 784, 787 (8th Cir.1979). Examples might include a complaint alleging wrongful termination of employment based upon a contract specifically providing for termination at will; or an action for negligence in which the complaint alleges facts indicating the sole proximate cause of the injury was the negligence of the plaintiff and not the defendant. *See* 5 C. Wright & A. Miller, *Federal Practice and Procedure, Civil*, § 1357 (1969).

In the instant case, the plaintiffs/debtors, the Sheehans, allege that Prudential Insurance Company of America, the de-

**306**

fendant, exercised control of the Sheehans' farmland in contravention of the South Dakota statutes and the legislature's stated public policy prohibiting corporate control of agricultural land. *See* S.D.C.L. § 47–9A–1, *et seq.* The relief they seek is to have the mortgage upon which Prudential bases its claim in their bankruptcy proceedings declared void as against public policy and to have Prudential's claim in the Chapter 11 case disallowed.

To find that the complaint states a cause of action, the court need only conclude that, in some instances, a violation of South Dakota's ban on corporate control of agricultural land might constitute grounds to declare a contract, such as the mortgage here, void as against public policy. Facts in support of the debtors' allegations might demonstrate some basis for relief under S.D.C.L. § 53–5–3, which provides:

> Where a contract has but a single object and such object is unlawful in whole or in part, or wholly impossible of performance, or so vaguely expressed as to be wholly unascertainable, the entire contract is void.

The South Dakota Supreme Court has declared other contracts to be void as against public policy. *See, e.g., Bartron v. Codington County*, 68 S.D. 309, 2 N.W.2d 337 (1942); *State ex rel. Meierhenry v. Spiegel, Inc.*, 277 N.W.2d 298 (S.D.1979). Thus, this Court cannot conclude that, based upon the pleadings, the debtors have failed to state a cause of action, and the motion to dismiss under Rule 12(b)(6) will be denied.

Accordingly, based on the foregoing, this Memorandum Decision constitutes the Court's Findings of Fact and Conclusions of Law in the above-entitled matter pursuant to Bankr.R.P. 7052 and F.R.Civ.P. 52. Counsel for the debtors is directed to prepare an appropriate order in accordance with Bankr.R.P. 9021 and to schedule another pre-trial conference according to the Court's previous pre-trial order of July 24, 1985.