UNITED STATES of America, Plaintiff,

v.

Patrice HUGHES; Jon Rose; Coldwell Banker Town and Country Realty of Hastings, Inc.; Hastings State Bank; Larry Coffey, W.G. Pauley, Jr., Paul Powers, Jon Rose, and Lloyd Kittrell, in their capacities as Directors, Hastings State Bank; and Hastings Bancorp, Inc., Defendants.

No. 4:CV 93–3415.

United States District Court, D. Nebraska.

April 12, 1994.

Joseph D. Rich, Burtis M. Dougherty, Housing and Civ. Enforcement Section, Civ. Rights Div., U.S. Dept. of Justice, Washington, DC, Sally R. Johnson, Asst. U.S. Atty., Lincoln, NE, for plaintiff.

Patrick M. Heng, Raynor, Rensch & Pfeiffer, Omaha, NE, for defendants.

### MEMORANDUM AND ORDER

KOPF, District Judge.

Defendants Hastings State Bank, its holding company, and bank directors (here referred to collectively as the Bank) have filed a motion (filing 4) to dismiss the government's complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. The government claims that the Bank *intentionally* discriminated on the basis of handicap against some mentally ill adults by financing the purchase of a house by third persons when a social services organization, acting on behalf of the mentally handicapped group, was trying to purchase the same house for use as a group home. A violation of the Fair Housing Act (the Act) is claimed. 42 U.S.C. §§ 3601 *et seq.*

Among other things, the Act makes it unlawful to discriminate in the sale of a dwelling because of a handicap of the buyer, the persons intending to reside within the dwelling after it is sold, or any person associated with the buyer. 42 U.S.C. § 3604(f)(1). The Act also makes it "unlawful to ... interfere with any person in the exercise [of] ... any right granted or protected by [the Act]." 42 U.S.C. § 3617.

I shall deny the motion to dismiss. A complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–02, 2 L.Ed.2d 80 (1957) (footnote omitted). I must, of course, deny the motion to dismiss unless the complaint states some bar to relief that could not be overcome in any circumstance. *Bramlet v. Wilson,* 495 F.2d 714, 716 (8th Cir.1974). I cannot say that the complaint contains any such bar.

If the Bank *intentionally* acted to aid other persons in violating the Act, by "economic competition" or otherwise, I am persuaded that a cause of action has been stated under the Act. The government agrees that it must prove that the Bank acted intentionally. Response of United States to Defendants' Motion to Dismiss, at 7–8 (The government states that it must prove, among other things, that the Bank "knew or had reason to know that other persons sought to interfere with the exercise or enjoyment of [protected rights]; and ... acted intentionally to assist those persons in carrying out their unlawful interference with the equal housing right of the protected individuals to live in the house of their choice.")

■ So long as the Bank's "intentions" are part of the prima facie case of the government, I see no reason to construe the word "interference" found in 42 U.S.C. § 3617 in the limited manner proposed by the defendants. Thus, I hold that a Bank may violate the Act if it finances a purchase of property with the intention of aiding the purchasers in keeping the home from being purchased by other buyers because those other buyers are or are associated with mentally ill persons. *See Trafficante v. Metropolitan Life Ins. Co.,* 409 U.S. 205, 209, 93 S.Ct. 364, 366, 34 L.Ed.2d 415 (1972) ("[t]he language of the Act is broad and inclusive").

■ I decline to follow *Michigan Protection & Advocacy Service, Inc. v. Babin,* 799 F.Supp. 695 (E.D.Mich.1992), *aff'd* 18 F.3d 337 (6th Cir.1994). Respectfully, I believe that both the opinion of the district court and the circuit court in *Babin* are plainly wrong in suggesting that there is some sort of "economic competition" exception to the Act. I have two reasons for this conclusion.

First, this is not a matter of what the statute might say, but what it does say. The word "interference" as used in section 3617 plainly encompasses all "interference," economic or otherwise.

Second, true *"economic* competition" does not exist when the purpose of the competition is to deny a protected person access to housing, as opposed to securing housing for oneself or for investment purposes. In fact, it is irrational to spend money for the purpose of prohibiting someone else from living next to you, if the reason you do not wish to live next to that person is because he or she has a handicap protected by the Act.

For example, the decision to buy a house at a particular price is not driven by whether the neighbors are physically attractive, plain, or ugly. This is true because these traits have nothing to do with how rational market values are established. The same is true of handicaps protected by the Act (or race, religion, gender, family status or national origin). And, to the extent that market forces act irrationally based upon invidious and nonsensical assumptions, Congress has declared that such irrationality shall not be rewarded, protected, or freed from regulation. Accordingly,[1]

IT IS ORDERED that the motion to dismiss (filing 4) is denied.

---

1. I have reviewed the other arguments of the defendants, and at this stage of the proceeding find them unpersuasive.