# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 98-3407

_____

| | | |
|---|---|---|
| Nicholas J. Schmedding, | * | |
| | * | |
| Appellant, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the Western |
| | * | District of Missouri. |
| Tnemec Company, Inc., a corporation | * | |
| doing business in the State of Missouri; | * | |
| Mike Bauer, an individual; Bob Agin, | * | |
| an individual; Greg Beck, an individual; | * | |
| Jo Heckman, an individual; Lawrence | * | |
| J. Murphy, an individual, | * | |
| | * | |
| Appellees. | * | |

_____

Submitted:  June 14, 1999

Filed:  August 19, 1999

_____

Before BEAM and MORRIS SHEPPARD ARNOLD, Circuit Judges, and PANNER,[1] District Judge.

_____

BEAM, Circuit Judge.

_____

[1]The Honorable Owen M. Panner, United States District Judge for the District of Oregon, sitting by designation.

Nicholas J. Schmedding appeals the district court's dismissal of his complaint for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). For the reasons set forth below, we reverse and remand.

## I. BACKGROUND

Schmedding filed an eight-count complaint against Tnemec and individual employees of Tnemec (collectively Tnemec) in federal district court. Count I of the complaint, the key count for our purposes, purports to raise a sexual harassment claim under Title VII for a hostile work environment on the grounds that Schmedding, a male, had been the victim of sexual harassment by other males as well as one female who were fellow employees at Tnemec. The remaining counts in the complaint allege various state law violations. Tnemec moved to dismiss all counts. Specifically, with regards to Count I, Tnemec claimed that Schmedding failed to state a cause of action under Title VII because there was no allegation that the alleged harassment was because of Schmedding 's sex, i.e., because he was male.

The district court granted Tnemec's motion. In its order, the district court noted that, while same-sex sexual harassment was cognizable under Title VII according to this circuit's decision in Quick v. Donaldson, Co., 90 F.3d 1372 (8th Cir. 1996), harassment based on sexual orientation was not. Because the district court found that Count I of Schmedding's complaint alleged that he had been harassed because of his perceived sexual orientation rather than because of his sex, it concluded that Schmedding failed to state a claim. Following its dismissal of Count I, the district court declined to exercise supplemental jurisdiction over the remaining state law claims and dismissed the complaint in its entirety.

Schmedding appealed the district court's decision.[2] After briefing and oral argument, a panel of this circuit remanded the case to the district court for further consideration in light of the Supreme Court's decision in Oncale v. Sundowner Offshore Servs., Inc., 523 U.S. 75 (1998), which held that same-sex sexual harassment was actionable under Title VII. On remand, Tnemec filed a renewed motion to dismiss on the grounds that the Oncale decision reinforced the district court's original dismissal. The district court granted Tnemec's motion stating that the Oncale decision did not affect its prior decision because it found that Schmedding's complaint did not allege "that he was subjected to harassment because of his sex; rather, the alleged harassment focused on his perceived sexual orientation."[3] Schmedding again appeals.

## II.    DISCUSSION

We review a Rule 12(b)(6) motion to dismiss a complaint de novo. See Coleman v. Watt, 40 F.3d 255, 258 (8th Cir. 1994). All that is required of a complaint is "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a); see also Bramlet v.Wilson,495 F.2d 714, 716 (8th Cir. 1974); Fed. R. Civ. P. 8(a). Furthermore, the complaint is to be liberally construed in the light most favorable to the plaintiff. See Coleman, 40 F.3d at 258. We must assume that all the facts alleged in the complaint are true. See id. A Rule 12(b)(6) motion to dismiss a complaint should not be granted unless it appears beyond a doubt that the plaintiff can

---

[2]Following the district court's dismissal, Schmedding also filed a motion to reconsider the order of dismissal or, in the alternative, to amend the complaint pursuant to Federal Rule of Civil Procedure 15. The district court denied the motion.

[3]The district court relied on our decision in Williamson v. A.G. Edwards and Sons, Inc., 876 F.2d 69, 70 (8th Cir. 1989), for its conclusion that harassment based on sexual orientation was not cognizable under Title VII. In Williamson, a pre-Oncale case, we held that Title VII does not afford a cause of action for discrimination against homosexuals.

prove no set of facts which would entitle him to relief. See id. Nor should a complaint be dismissed merely because it does not state with precision all elements that give rise to a legal basis for recovery. See Bramlet, 495 F.2d at 716. Thus, as a practical matter, a dismissal under Rule 12(b)(6) should be granted only in the unusual case in which a plaintiff includes allegations that show on the face of the complaint that there is some insuperable bar to relief. See id.

The sole question before this court is whether the district court erred in finding that Schmedding's complaint failed to state a claim for sexual harassment under Title VII based on a hostile work environment. Title VII prohibits an employer from discriminating "against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a)(1). "Title VII is violated when workplace harassment based on sex creates a hostile work environment." Hathaway v. Runyon, 132 F.3d 1214, 1221 (8th Cir. 1997). To establish the elements of a sexual harassment claim based on a hostile environment, a plaintiff must show that: (1) he belongs to a protected group; (2) he was subject to unwelcome sexual harassment; (3) the harassment was based on sex; (4) the harassment affected a term, condition, or privilege of employment; and (5) the employer knew or should have known of the harassment and failed to take proper remedial action. See Kopp v. Samaritan Health Sys., Inc., 13 F.3d 264, 269 (8th Cir. 1993).

The district court found that the complaint failed to satisfy the third prong, because it perceived Schmedding's allegations of harassment to be premised on sexual orientation rather than sex. Specifically, the district court focused on the language in the complaint that the harassment included "taunting him [Schmedding] of being homosexual" and the spreading of rumors regarding Schmedding's "perceived sexual preference"–both of these phrases appear twice in the complaint. Schmedding, on the other hand, claims that the district court misconstrued his allegations, and that his complaint properly states a claim for harassment "because of sex." Although

-4-

Schmedding concedes that the use of the phrase "perceived sexual preference" may have been confusing, he asserts that the phrase indicates or shows that the harassment included rumors that falsely labeled him as homosexual in an effort to debase his masculinity, not that he was harassed because he *is* homosexual or *perceived* as being a homosexual. In any event, Schmedding claims that even if the phrase "perceived sexual preference" were omitted, the rest of the complaint still states a cause of action for sexual harassment.

Having reviewed the complaint, and keeping in mind the liberal standards for pleading under the federal rules, we think that Schmedding states a cognizable claim under Title VII. Although the complaint is not a model of clarity, we think Schmedding has alleged sufficient facts under Count I to state a claim that he was being harassed "because of sex." Count I alleges among other things that Schmedding was: patted on the buttocks; asked to perform sexual acts; given derogatory notes referring to his anatomy; called names such as "homo" and "jerk off"; and was subject to the exhibition of sexually inappropriate behavior by others including unbuttoning of clothing, scratching of crotches and buttocks; and humping the door frame to Schmedding's office. We do not think that, simply because some of the harassment alleged by Schmedding includes taunts of being homosexual or other epithets connoting homosexuality, the complaint is thereby transformed from one alleging harassment based on sex to one alleging harassment based on sexual orientation. We note that in Oncale and Quick, both of which dealt with claims of same-sex harassment by heterosexual males against a heterosexual male plaintiff, the alleged harassment included the fact that plaintiff was taunted as being a homosexual. See Oncale, 523 U.S. at 77; Quick, 90 F.3d at 1374.[4] Although Schmedding's use of the phrase

[4]Tnemec also asserts that Schmedding has failed to state an actionable claim for harassment based on sex because Oncale requires a plaintiff asserting sexual harassment to plead facts showing either: (1) his harassers were motivated by sexual desire; (2) male employees were treated worse than females at Tnemec; or (3) he was

"perceived sexual preference" may have been somewhat misleading, we conclude that, in light of the confusion over the meaning of that phrase, and Schmedding 's willingness to amend the complaint so as to delete it, the best recourse is to remand the case to the district court with instructions that plaintiff be allowed to amend his complaint and proceed with the case.

## III.   CONCLUSION

Accordingly, we reverse and remand the case to the district court for further proceedings consistent with this opinion.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

---

harassed in such sex-specific or derogatory terms so as to raise an inference of hostility to men in the workplace.  Schmedding's complaint, Tnemec argues, does not allege facts establishing any one of these three scenarios.  We think this reading of Oncale is misguided.  While Oncale does recite these three methods of proving sexual harassment, it refers to them as examples of "evidentiary routes" a plaintiff might "choose[] to follow" in establishing his case.  Oncale, 523 U.S. at 81. We do not read this language as imposing a heightened pleading requirement requiring a plaintiff to assert at the outset by which of these three methods he intends to prove his case. Indeed, it would be unfair to do so.