**Leroy H. CARHART, M.D., Plaintiff,**

v.

**L. Dennis SMITH, et al., Defendants.**

**No. 4:01CV3007.**

United States District Court,
D. Nebraska.

April 18, 2001.

Alan G. Stoler, Jerry M. Hug, Alan G. Stoler, Omaha, NE, Simon Heller, Sherrie

Russell–Brown, Maya Manian, New York City, for Plaintiff.

David R. Buntain, Andrew D. Strotman, Cline, Williams Law Firm, John C. Wiltse, Richard R. Wood, Lincoln, NE, for Defendants.

## MEMORANDUM AND ORDER ON THE DEFENDANTS' MOTION TO DISMISS AND MOTION FOR A MORE DEFINITE STATEMENT

URBOM, District Judge.

This matter is before me on the defendants' Amended Motion to Dismiss and to Make More Definite and Certain, filing 39. I have considered the briefs submitted by the parties, and I find that the defendants' motion should be granted in part and denied in part as discussed below. The plaintiff shall have ten days to amend his complaint to address the deficiencies identified in this memorandum.

### I. BACKGROUND

The plaintiff is a physician licensed to practice medicine in the State of Nebraska. (First Am. Compl. ¶ 3). On January 17, 2001, the plaintiff filed a complaint setting forth four claims for relief against the defendants. (Filing 1.) On March 5, 2001, the plaintiff filed his First Amended Complaint, adding a fifth claim for relief. (Filing 17.) The amended complaint alleges that the defendants denied the plaintiff's right to free speech in violation of 42 U.S.C. § 1983 (Count I), denied the plaintiff's and his patients' right to privacy in violation of 42 U.S.C. § 1983 (Count II), conspired to injure the plaintiff for his participation in a federal action in violation of 42 U.S.C. § 1985(2) (Count III), failed to prevent the conspiracy alleged in Count III in violation of 42 U.S.C. § 1986 (Count

**1072**

IV), and inflicted emotional and psychological harm upon the plaintiff (Count V). All of the claims for relief are grounded in the termination of the plaintiff from his volunteer faculty appointment at the University of Nebraska Medical Center (UNMC).

Also on March 5, 2001, the defendants filed a Motion to Dismiss and Make More Definite, filing 30. An Amended Motion to Dismiss and Make More Definite and Certain was filed by the defendants on March 16, 2001, to address the new claim for relief included in the plaintiff's First Amended Complaint. (Filing 39.) The plaintiff submitted a brief in opposition to the defendants' motion that was received by me on March 29, 2001.

Pursuant to FED. R. CIV. P. 12(b)(6), the defendants have moved to dismiss Counts II through V of the First Amended Complaint for failure to state a claim upon which relief can be granted. In the alternative, the defendant has moved for a more definite statement as to each of these claims for relief. FED. R. CIV. P. 12(e). The defendant has also moved for a more definite statement with respect to Count I.

## II. STANDARD OF REVIEW

"[A] motion to dismiss a complaint should not be granted unless it appears beyond doubt that the plaintiff can prove no set of facts which would entitle him to relief." *Morton v. Becker*, 793 F.2d 185, 187 (8th Cir.1986). *See also Hishon v. King & Spalding*, 467 U.S. 69, 73, 104 S.Ct. 2229, 81 L.Ed.2d 59 (1984). In resolving such motions, all well pleaded allegations in the complaint must be taken as true. *Morton*, 793 F.2d at 187. Furthermore, the complaint and all reasonable inferences arising therefrom must be construed in favor of the plaintiff. *Id.*

Rule 12(e) of the Federal Rules of Civil Procedure states in relevant part: "If a pleading to which a responsive pleading is permitted is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading, the party may move for a more definite statement before interposing a responsive pleading." Motions for more definite statements are granted appropriately in only a limited number of situations, although "the judge may in his discretion ... require such detail as may be appropriate in the particular case, and may dismiss the complaint if his order is violated." *Rutter v. Carroll's Foods of the Midwest, Inc.*, 50 F.Supp.2d 876, 887 (N.D.Iowa 1999) (quoting *McHenry v. Renne*, 84 F.3d 1172, 1179 (8th Cir. 1996)).

## III. ANALYSIS

### A. Count I

The defendants argue that the plaintiff's first claim for relief requires a more definite statement. The defects complained of by the defendant appear in ¶¶ 17—18 of the First Amended Complaint. Specifically, the defendants argue that additional details should be supplied regarding the constitutionally protected conduct that was allegedly the target of retaliation and the particular actions that the defendants allegedly performed to deprive the plaintiff of his First Amendment rights. In support of their argument, the defendants refer me to *Kyle v. Morton High School*, 144 F.3d 448, 454–57 (7th Cir.1998), wherein it was held that the plaintiff's complaint failed to give either the court or the opposing party fair notice of the speech that caused the alleged retaliation.

In response, the plaintiff refers me to ¶¶ 9 and 11 of the First Amended Complaint, wherein the plaintiff's participation in his lawsuit challenging the constitutionality of Nebraska's partial birth abortion statute is discussed, and ¶¶ 15 and 18 of

the same document, wherein the defendant's decision to terminate the plaintiff is identified as the act complained of. While it is true that the First Amended Complaint does not openly and directly state that the constitutionally protected conduct relevant to Count I is the plaintiff's prior lawsuit, plain statements describing that prior lawsuit are included in the complaint. Therefore, it seems to me that the complaint is not so vague or ambiguous that the defendants could not reasonably be required to frame a responsive pleading. In *Kyle,* the plaintiff failed to identify the protected activity that triggered his termination even in general terms, and therefore this case is distinguishable. *Kyle v. Morton High School,* 144 F.3d at 457.

■ The defendants also argue that negligent acts cannot support a claim or relief under 42 U.S.C. § 1983, and therefore the portion of the allegation appearing in the First Amended Complaint at ¶ 17 referring to the defendants' negligent conduct must be stricken. *S.S. v. McMullen,* 225 F.3d 960, 964 (8th Cir.2000). Section 1983 "contains no state of mind requirement independent of that necessary to state a violation of the underlying constitutional right." *Daniels v. Williams,* 474 U.S. 327, 329–30, 106 S.Ct. 662, 88 L.Ed.2d 662 (1986). Thus, I must look to see whether a violation of the First Amendment may be based upon a defendant's negligent conduct. *S.S.,* which deals with a substantive due process claim, is not helpful on this point.

■ In Count I, the plaintiff complains that the defendants denied the plaintiff's right to free speech in violation of 42 U.S.C. § 1983 by terminating him in retaliation for his involvement in his lawsuit challenging the Nebraska partial birth abortion statute. Initially, I am not certain that it makes logical sense to argue that the defendants 'negligently retaliated'

against the plaintiff for his involvement in the suit. At any rate, to prevail on his claim the plaintiff must show that his speech was constitutionally protected and that it was a substantial or motivating factor in the defendants' decision to terminate his volunteer faculty appointment. *Mt. Healthy City Board of Education v. Doyle,* 429 U.S. 274, 287, 97 S.Ct. 568, 50 L.Ed.2d 471 (1977). If the plaintiff meets this burden, the defendants must then show by a preponderance of the evidence that the plaintiff would have been discharged even in the absence of the protected activity. *Id. See also Hamer v. Brown,* 831 F.2d 1398, 1401 (8th Cir.1987). It seems to me that this framework does not leave room for a negligence claim. I therefore agree with the defendants that to the extent the plaintiff's first cause of action is based on allegations of negligent conduct, it fails to state a claim upon which relief can be granted. However, I find that the plaintiff has otherwise properly set forth his first claim for relief, and that no more definite statement is required as to Count I.

## B. Count II

■ The defendants first argue that the plaintiff's second claim for relief fails to state a claim upon which relief may be granted because there is no authority supporting the plaintiff's contention that he has a constitutional right to provide abortions. The plaintiff responds by referring me to two cases that discuss the physician's role in the abortion process. *See City of Akron v. Akron Center for Reproductive Health,* 462 U.S. 416, 427, 103 S.Ct. 2481, 76 L.Ed.2d 687 (1983) *overruled by Planned Parenthood of Southeastern Pennsylvania v. Casey,* 505 U.S. 833, 882, 112 S.Ct. 2791, 120 L.Ed.2d 674 (1992) and *Colautti v. Franklin,* 439 U.S.

379, 387, 99 S.Ct. 675, 58 L.Ed.2d 596 (1979).

■ "The Court ... has recognized, because abortion is a medical procedure, that the full vindication of the woman's fundamental right necessarily requires that her physician be given 'the room he needs to make his best medical judgment.'" *Akron,* 462 U.S. at 427 (quoting *Doe v. Bolton,* 410 U.S. 179, 192, 93 S.Ct. 739, 35 L.Ed.2d 201 (1973)). A physician's exercise of medical judgment includes implementing a woman's decision to have an abortion. *Id.* Thus, the physician has a central role in enabling a woman to vindicate her right to choose to undergo an abortion. *Colautti,* 439 U.S. at 387. In *Planned Parenthood of Wisconsin v. Doyle,* 162 F.3d 463, 471 (7th Cir.1998), the court noted that "[t]he constitutional right to an abortion carries with it the right to perform medical procedures that many people find distasteful or worse." In a case involving an equal protection challenge to a statute which prevented abortion providers from receiving state family-planning funds, the Eighth Circuit found that "[a]ny constitutional right of clinics to provide abortion services ... is derived directly from women's constitutional right to choose abortion." *Planned Parenthood of Mid–Missouri and Eastern Kansas, Inc. v. Dempsey,* 167 F.3d 458, 464 (8th Cir.1999). It seems to me that these cases instruct that doctors and their patients have the right to perform and obtain abortions in conformity with the constitutional principles explained in *Roe v. Wade,* 410 U.S. 113, 93 S.Ct. 705, 35 L.Ed.2d 147 (1973) and *Casey,* but that a physician's constitutional right to perform an abortion is dependant on a woman's right to seek an abortion. To afford no protection to the effectuation of a woman's decision to obtain an abortion would render her fundamental right meaningless. *West Side Women's Services, Inc. v. City of Cleveland, Ohio,* 573 F.Supp. 504, 513 n. 11 (N.D.Ohio 1983) (discussing *Roe v. Wade,* 410 U.S. at 163). Therefore, I find that the plaintiff's second claim for relief, which alleges that, "[t]he ... actions of the Defendants ... have denied ... DR. CARHART and his patients their right to privacy as guaranteed by the Fourteenth Amendment to the United States Constitution" states a claim upon which relief may be granted insofar as it is grounded in the plaintiff's "central role" in the effectuation of women's decisions to obtain abortions encompassed within women's right to privacy. (First Amended Complaint ¶ 21.)

■ The defendants also argue that a more definite statement of the "intentional and negligent actions" cited in ¶ 21 of the First Amended Complaint is required. I do not agree. Paragraph 22 clearly states that the defendants' decision to terminate the plaintiff constitutes the action complained of.

■ Finally, the defendants argue once again that negligent acts cannot support a claim or relief under 42 U.S.C. § 1983, and that the allegations of negligence must therefore be stricken from ¶ 21 of the First Amended Complaint. The defendants are correct that the plaintiff's substantive due process claim must be based upon more than mere negligence on the part of the defendants. *S.S. v. McMullen,* 225 F.3d at 964. Therefore, I find that the allegation of negligent conduct in the plaintiff's second claim for relief fails to state a claim upon which relief can be granted.

### C. Count III

The defendants argue that the plaintiff's third claim for relief must be dismissed because it does not allege with sufficient particularity that any of the defendants agreed to deprive the plaintiff of a federal

right. *Gometz v. Culwell,* 850 F.2d 461, 464 (8th Cir.1988).

■ A § 1985(2) claim consists of the following elements: (1) a conspiracy between two or more defendants to injure the plaintiff, (2) because the plaintiff attended federal court or testified in any matter pending in federal court, which (3) causes injury to the plaintiff. *Rutledge v. Arizona Board of Regents,* 859 F.2d 732, 735 (9th Cir.1988); *Wright v. Illinois Department of Children and Family Services,* 40 F.3d 1492, 1507 (7th Cir.1994). The ordinarily liberal requirements of notice pleading are somewhat modified when conspiracy claims are raised. A mere allegation of a conspiracy without specific facts demonstrating a "meeting of the minds" among the conspirators fails to state a claim upon which relief can be granted. *Snelling v. Westhoff,* 972 F.2d 199, 200 (8th Cir.1992). The plaintiff argues that the allegations set forth in ¶¶ 9–15 of the complaint state the nature of the conspiracy with sufficient particularity.

■ I find that the plaintiff's allegations do not demonstrate that a meeting of the minds occurred among any of the named defendants. The complaint does allege that the plaintiff participated in a federal case, that the defendants received correspondence from sources seeking the plaintiff's termination, and that the plaintiff was in fact terminated. However, the complaint does not allege any specific facts demonstrating a meeting of the minds among the conspirators in support of the conclusory allegation that the defendants conspired to injure the plaintiff. *Snelling.* As a result, the plaintiff's third claim for relief must be dismissed.

■ The defendants have also argued that the intracorporate conspiracy doctrine bars the plaintiff's third claim for relief. This argument was raised in the defendants' opposition to the plaintiff's motion for a preliminary injunction. In resolving that motion, I determined that although the intracorporate conspiracy doctrine applies to conspiracies raised under 42 U.S.C. § 1985(2), the present case falls within an exception to the doctrine where individual defendants "act outside the scope of their employment for personal reasons." *Garza v. City of Omaha,* 814 F.2d 553, 556 (8th Cir.1987). I therefore reject the defendants' argument that the intracorporate conspiracy doctrine bars the plaintiff's third claim for relief.

### D. Count IV

■ The plaintiff's fourth claim for relief alleges that the defendants violated 42 U.S.C. § 1986. This claim must be dismissed due to the plaintiff's failure to properly allege a violation of 42 U.S.C. § 1985, as I have explained above. *Kaylor v. Fields,* 661 F.2d 1177, 1184 (8th Cir. 1981); *Lewellen v. Raff,* 843 F.2d 1103, 1116 (8th Cir.1988); *Steele v. City of Bemidji, Minnesota,* 114 F.Supp.2d 838, 847 (D.Minn.2000).

### E. Count V

The plaintiff's fifth and final claim for relief includes the following allegation:

> The actions of the Defendants as hereinabove set forth were and are arbitrary and capricious, knowingly in violation of DR. CARHART's constitutionally protected rights and intended to punish him through the deprivation of his rights, his professional standing, and his reputation. Said actions were designed to inflict emotional and psychological harm in direct response to his exercise of his constitutional rights.

(First Am. Compl. ¶ 33.) The defendants argue that this allegation fails to set forth a claim for either intentional or negligent emotional distress under Nebraska law.

The plaintiff argues that he has alleged that the defendants intentionally terminated his faculty appointment in violation of his constitutional rights, causing him emotional distress, and that these allegations properly set forth a claim for emotional distress under Nebraska law. Interestingly, the plaintiff does not specify whether his claim is based on an intentional or negligent infliction of emotional distress.

Three elements must be alleged to set forth a cause of action for intentional infliction of emotional distress: (1) that there has been intentional or reckless conduct, (2) that the conduct was so outrageous in character and so extreme in degree as to go beyond all possible bounds of decency and is to be regarded as atrocious and utterly intolerable in a civilized community, and (3) that the conduct caused emotional distress so severe that no reasonable person should be expected to endure it. *Iwanski v. Gomes*, 259 Neb. 632, 637, 611 N.W.2d 607 (2000). The elements of a claim based upon negligent infliction of emotional distress are somewhat similar. In cases where the plaintiff is a "direct victim" of the defendants' negligence, his emotional distress, which again must be "so severe that no reasonable person should be expected to endure it," must also be medically diagnosable and of medically significant severity. *Sell v. Mary Lanning Memorial Hospital Association*, 243 Neb. 266, 269–72, 498 N.W.2d 522 (1993). In addition, the plaintiff is required to show that the defendants were negligent and that their negligence caused the plaintiff's emotional distress. *Id.* at 271, 498 N.W.2d 522.

The plaintiff has largely failed to plead the elements that would be required in the courts of Nebraska to set forth claims based upon either intentional or negligent infliction of emotional distress.

However, the pleading rules in this court are more relaxed. *See Schmedding v. Tnemec Company, Inc.*, 187 F.3d 862, 864 (8th Cir.1999) ("Nor should a complaint be dismissed merely because it does not state with precision all elements that give rise to a legal basis for recovery."); FED. R. CIV. P. 8(a). I find that under the circumstances of this case, a more definite statement is warranted. The "short and plain statement of the claim showing that the pleader is entitled to relief" required by Rule 8(a)(2) certainly ought to identify whether the claim is based upon intentional or negligent infliction of emotional distress, or both, in order to allow the defendants to frame a responsive pleading. Also, while I find that the conduct of the defendants that the plaintiff complains of and the nature of the plaintiff's emotional injuries relevant to this claim for relief can be gleaned from his somewhat nebulous complaint, the plaintiff should include allegations that at least generally set forth the elements of whichever emotional distress claim he elects to raise.

## IV. CONCLUSION

I find that the plaintiff's first and second claims for relief fail to state a claim upon which relief can be granted insofar as those claims are based upon allegations of negligence, and to that extent, they are dismissed. The plaintiff's third and fourth claims for relief are dismissed in their entirety due to the plaintiff's failure to properly allege specific facts demonstrating that there was a meeting of the minds among the defendants. Finally, a more definite statement of the plaintiff's fifth claim for relief is required in order to clarify whether the claim is based upon intentional infliction of emotional distress, negligent infliction of emotional distress, or both, and to generally set forth the elements of the claim or claims that the

plaintiff decides to pursue. In all other respects, the defendants' motion is denied.

**IT IS ORDERED THAT** the defendants' Amended Motion to Dismiss and to Make More Definite and Certain, filing 39, is granted in part and denied in part as discussed above.

**IT IS FURTHER ORDERED THAT** the plaintiff shall have ten days from the date of this order to amend his complaint, should he so desire.