# United States Court of Appeals

## FOR THE EIGHTH CIRCUIT

———————

No. 02-3975

———————

| | | |
|---|---|---|
| Lynette Smith, | * | |
| | * | |
| Plaintiff/Appellant, | * | |
| | * | |
| v. | * | |
| | * | |
| Ouachita Technical College; | * | |
| State of Arkansas, | * | Appeal from the United States |
| | * | District Court for the |
| Defendants, | * | Western District of Arkansas. |
| | * | [PUBLISHED] |
| Pete Paladino, in his official capacity; | * | |
| Bill Stilwell, in his official capacity; | * | |
| Jimmy Lea, in his official capacity; | * | |
| Dale Jenkins, in his official capacity; | * | |
| Huberta Teeter, in her official capacity; | * | |
| Kristi Norris, in her official capacity; | * | |
| Calvin Brown, in his official capacity; | * | |
| J. Barry Ballard, in his official capacity; | * | |
| | * | |
| Defendants/Appellees. | * | |

———————

Submitted:  June 26, 2003

Filed:  August 4, 2003

———————

Before WOLLMAN, FAGG, and MORRIS SHEPPARD ARNOLD, Circuit Judges.

———————

PER CURIAM.

Lynette Smith appeals the district court's adverse grant of summary judgment on her claims of racial discrimination under 42 U.S.C. § 1981.[1]  We reverse.

The sole issue before us is whether the district court erred by refusing to consider Smith's claim of racial discrimination under 42 U.S.C. § 1981 on the ground that it had not been properly raised in the pleadings.  In a footnote, the district court noted:

> In her response to the motion for summary judgment, Plaintiff makes a limited reference to 42 U.S.C. § 1981 . . . .  However, the statute is not referred to within the second amended complaint; Plaintiff has not sought leave of court to amend the complaint to include a claim under section 1981; and Plaintiff does not directly argue the merits of such a claim.  With discovery complete and the trial setting mere weeks away, it would be prejudicial to allow Plaintiff to introduce new issues at this late date.  Accordingly, we do not undertake to analyze a section 1981 race discrimination claim that has not been properly asserted.

Smith v. Paladino, No. 01-6242, slip. op. at 13 n.1 (W.D. Ark. Nov. 1, 2002).

"All that is required of a complaint is 'a short and plain statement of the claim showing that the pleader is entitled to relief.'" Schmedding v. Tnemec Co., Inc., 187 F.3d 862, 864 (8th Cir. 1999) (quoting Fed. R. Civ. P. 8(a); citing Bramlet v. Wilson, 495 F.2d 714, 716 (8th Cir. 1974)).  "Furthermore, the complaint is to be liberally construed in the light most favorable to the plaintiff." Id. (citing Coleman v. Wyatt, 40 F.3d 255, 258 (8th Cir. 1994)).  A complaint should not be dismissed, nor a cause

---

[1]Smith does not challenge the district court's grant of summary judgment in favor of appellees on her claims of sexual and racial discrimination under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, et seq.

of action pled therein ignored, "merely because it does not state with precision all elements that give rise to a legal basis for recovery." Id. (citing Bramlet, 495 F.2d at 716).

In her second amended complaint, Smith alleged that she was "treated adversely and different than her white and male counterparts, and other white and male employees in the service of the defendants." Smith also alleged that she was "denied promotions and other benefits and customary accoutrements of her position(s) by the defendant on account of her race and sex. . . . The afford [sic] stated conduct of the defendants offends 42 U.S.C. Section 2000(e) of the Civil Rights Act of 1991 as amended and other federal laws." Appellees' motion for summary judgment asserted in part that Smith's claim for punitive damages was precluded by 42 U.S.C. § 1981a(b)(1). In her response to this motion, Smith stated that she had initiated "this lawsuit based on race and sex discrimination in violation of 42 U.S.C. Section 2000(e) of the Civil Rights Act of 1991 as amended and other federal laws, including 42 U.S.C. Section 1981."

Having reviewed the complaint and the record in light of the liberal standards for pleading under the federal rules, we conclude that, by the barest of margins, Smith alleged a claim of racial discrimination under 42 U.S.C. § 1981 and that she provided adequate notice of this claim to the district court and to the appellees. Accordingly, that portion of the judgment which dismissed Smith's section 1981 claim is reversed, and the case is remanded to the district court for further proceedings consistent with this opinion.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

-3-