No. 96-3029

County of St. Charles,          *
Missouri,                       *
                                *
          Appellant,            *
                                *   Appeal from the United States
     v.                         *   District Court for the
                                *   Eastern District of Missouri.
Missouri Family Health Council, *
                                *
          Appellee.             *

Submitted:  January 16, 1997

Filed: February 27, 1997

Before BOWMAN and MURPHY, Circuit Judges, and KYLE,[1] District        Judge.

MURPHY, Circuit Judge.

     This is a declaratory judgment action brought by the County of St. Charles, Missouri, to clarify its eligibility for funding under Title X, 42 U.S.C. § 300.  The County sought a declaration in state court that the Missouri Family Health Council (Council) could not reject its application for funding on the basis of its parental consent policy.  The Council removed the case to federal court and moved to dismiss for failure to state a claim.  The district court[2] denied the County's motion to remand after determining there was federal jurisdiction and then granted the Council's motion to dismiss.  The County appeals, and we affirm.

---

     [1]The Honorable Richard H. Kyle, United States District Judge for the District of Minnesota, sitting by designation.

     [2]The Honorable Stephen N. Limbaugh, United States District Judge for the Eastern District of Missouri.

Title X provides federal funds for family planning services to state and nonprofit organizations. 42 U.S.C. § 300. The Council is a not-for-profit organization which receives Title X funds and exists almost entirely for the purpose of administering Title X grants to subgrantees in Missouri. As a condition for receiving these funds, the Council agrees to abide by the related regulations to Title X. Similar entities which award Title X funding to subgrantees are used in each state.

The County had received Title X grant money through the Council until 1995, but in the application it submitted that year it notified the Council of a new policy it was enforcing. The policy required parental consent for adolescents to receive prescriptive medications or intrusive medical procedures, including some forms of contraceptives. The Council informed the County that its application would not be considered because the parental consent policy disqualified it from receiving Title X funds.

The County then filed its petition for declaratory relief, claiming that under Missouri law, § 431.061 Mo. Rev. Stat., it was required to adopt the parental consent policy and that "therefore, the policy is not a basis upon which the Council may refuse to consider the County's application for the Title X grant." The Council removed the case to federal court, claiming jurisdiction based on a federal question and moved for dismissal for failure to state a claim. The County filed a motion to remand, but the district court determined there was federal jurisdiction and granted the motion to dismiss, finding that the County could not prove any set of facts entitling it to be eligible for funding under Title X. The County appeals, arguing the district court erred by failing to remand the case to state court and by dismissing the case for failure to state a claim.

The County argues that federal jurisdiction is lacking because its petition only requires interpretation of the Missouri statute

which prompted its parental consent policy.  The Council responds that the action was properly removed to federal court because the County asserted in its petition that it qualified for Title X funds and qualifications for those funds are determined by 42 U.S.C. § 300.  The denial of a motion to remand to state court is reviewed de novo.  Gaming Corp. of Am. v. Dorsey & Whitney, 88 F.3d 536, 542 (8th Cir. 1996).

Only actions which originally could have been filed in federal court may be removed there.  28 U.S.C. § 1441(a).  When jurisdiction is based on a federal question, the well-pleaded complaint rule requires that the "federal question is presented on the face of the plaintiff's properly pleaded complaint."  Caterpillar, Inc. v. Williams, 482 U.S. 386, 392 (1987).  A district court does not have discretion to remand a case that states a federal question.  Gaming Corp., 88 F.3d at 542 (citations omitted).

In its petition for declaratory judgment, the County stated that it

> prays this court to declare that the policy regarding informed consent is consistent with state law, specifically §431.061 R.S.Mo., and that therefore, the policy is not a basis upon which the Council may refuse to consider the [C]ounty's application for a Title X grant . . . .

The County attached to its petition a copy of the Council's letter rejecting its application for Title X funds because the parental consent policy violated Title X regulations and guidelines.  The face of the County's petition contains the federal question of whether the parental consent policy can be a basis for denying the County's application for Title X funds.  The relief which the County seeks is a declaration that it is not ineligible to receive federal funds.  The action arises under federal law, and the

district court therefore properly declined to remand the case.

The County also argues that the district court erred in dismissing the case for failure to state a claim because its parental consent policy is required by state law and therefore should not disqualify it from receiving Title X funds.[3]  The Council responds that the motion to dismiss was properly granted because Title X regulations and guidelines prohibit the recipient of Title X funds from requiring parental consent for minors.

A motion to dismiss for failure to state a claim should be granted only if it is clear that no relief could be granted under any set of facts, construing the allegations in the complaint favorably to the pleader. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974) (quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)).  Whether a complaint states a claim is a question of law which is reviewed de novo.  Concerned Citizens of Neb. v. United States Nuclear Regulatory Comm'n, 970 F.2d 421, 425 (8th Cir. 1992).

Title X explicitly provides that family planning services for adolescents are to be provided by the programs which it funds.  42 U.S.C. § 300(a).  The statute states that family participation should be encouraged only "to the extent practical," and the legislative history indicates that Congress did not desire mandatory parental notification or parental consent for a minor to receive Title X services.  Planned Parenthood Fed. of Am. v. Heckler, 712 F.2d 650, 656-61 (D.C. Cir. 1983) (examining whether

---

[3]In its brief and at oral argument, the County raised a new argument stating it receives two streams of funding for its clinics and Title X funds would not be used for procedures which require parental consent.  No facts or information concerning this funding argument were contained in its petition or in any accompanying materials, and the County did not move to have any such material considered by the district court.  Only facts alleged in the complaint and materials attached to it are considered on a motion to dismiss.  Morton v. Becker, 793 F.2d 185, 187 (8th Cir. 1986).

legislative history of Title X permits requirement of parental notification or consent).  The related regulations thus require that family planning services must be provided without regard to age, 42 C.F.R. § 59.5(a)(4), and circuits which have considered the issue have uniformly found that parental consent cannot be required before a minor receives Title X services.  Doe v. Utah Dep't of Health, 776 F.2d 253, 255-56 (10th Cir.) (enjoining the enforcement of state law requiring parental consent for minors to receive Title X services); New York v. Heckler, 719 F.2d 1191, 1197 (2d Cir. 1983) (invalidating regulations requiring parental notice and requiring recipients of Title X funds to abide by state law on parental consent); Planned Parenthood Fed. of Am., 712 F.2d 650, 665 (same).

In its petition, the County set forth the Missouri law which it believed required parental consent, its policy on parental consent, and its application to the Council informing it about the policy. The County alleged that because its parental consent policy conformed with state law, the Council could not deny its application for Title X funds on the basis of the policy.  All the circuits which have considered the validity of parental consent requirements for adolescents to receive Title X federal services have found them prohibited by statute, regardless of whether they are based on state law.  See, e.g., Doe v. Utah Dep't of Health, 776 F.2d at 255-56; Planned Parenthood Fed. of Am., 712 F.2d 650, 665.  Looking at the allegations in the petition in the most favorable light, it does not appear that the County could prove facts entitling it to relief.  The district court therefore did not err in granting the Council's motion to dismiss.

The judgment of the district court is affirmed.

A true copy.

Attest:

   CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.