**United States Court of Appeals**

**FOR THE EIGHTH CIRCUIT**

_____

No. 97-2892

_____

Martin Lindstedt,                    *
                                     *
        Appellant,                   *
                                     *
    v.                               * Appeal from the United
States                               *
                                     * District Court for the
Kay Baum, Newton County Clerk;                              *
    Western District of Missouri.    *
Rebecca Cook, Secretary of State,                           *
Missouri; State of Missouri,  *
[UNPUBLISHED]
                                     *
        Appellees.                   *

    _____

                        Submitted:  February 26,
1998
                            Filed:  March 3,
1998

    _____

Before FAGG, BEAM, and HANSEN, Circuit Judges.
    _____

PER CURIAM.

    Martin Lindstedt appeals from the district court's[1]
dismissal of his civil action for failure to state a
claim under Federal Rule of Civil Procedure 12(b)(6).  In
October 1996, Lindstedt filed this lawsuit alleging

---

[1]The Honorable D. Brook Bartlett, Chief Judge, United States District Court for the
Western District of Missouri.

defendants had refused to place him on the ballot as the Libertarian candidate for Newton County Sheriff in the November 5, 1996 general election, in violation of the United States Constitution. Lindstedt sought

equitable relief and damages.  After a review of the record and the parties' submissions on appeal, we affirm.

This court reviews de novo a Rule 12(b)(6) dismissal, finding dismissal appropriate only where "it is clear that no relief could be granted under any set of facts, construing the allegations in the complaint favorably to the pleader."  See County of St. Charles v. Missouri Family Health Council, 107 F.3d 682, 684 (8th Cir.), cert. denied, 118 S. Ct. 160 (1997).  Lindstedt's pleadings make it clear that he did not run as a candidate for Newton County Sheriff in the primary election.  Under Missouri law, political parties ordinarily must nominate candidates through a primary election, see Mo. Rev. Stat. §§ 115.307 & 339 (1994), and the winner of the primary election for a party is the only candidate of that party permitted on the general election ballot, see Mo. Rev. Stat. § 115.343 (1994).  Lindstedt's allegations do not indicate that he qualified as a general election candidate under any of the provisions of Missouri law permitting candidates to be placed on the general election ballot under other circumstances.  See, e.g., Mo. Rev. Stat. §§ 115.329 & 363 (1994 & Supp. 1997).  Examining the Missouri election scheme as a whole, see Libertarian Party v. Bond, 764 F.2d 538, 541 (8th Cir. 1985), we see no basis for concluding that its provisions are unconstitutional under the facts of this case, see Timmons v. Twin Cities Area New Party, 117 S. Ct. 1364, 1369 (1997) ("States may, and inevitably must, enact reasonable regulations of parties, elections, and ballots to reduce election- and campaign-related disorder"); Burdick v. Takushi, 504 U.S. 428, 433 (1992) (right to vote and right to associate through ballot are not absolute); Munro v. Socialist Workers Party, 479 U.S.

189, 190-91, 196, 199 (1986) ("State can properly reserve the general election ballot 'for major struggles' by conditioning access to that ballot on a showing of a modicum of voter support"; upholding requirement that minor-party candidates for office must receive at least 1% of votes cast in State's primary to qualify for placement on general election ballot); cf. Libertarian Party, 764 F.2d at 541-43, 545 (holding Missouri requirements for forming new party and placing party on ballot were not

unconstitutionally burdensome or discriminatory). Lindstedt's other issues raised on appeal are without merit.

Accordingly, the judgment is affirmed.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.