# United States Court of Appeals

## FOR THE EIGHTH CIRCUIT

_____

No. 97-2269

_____

Luke Schuver; Terry Porsch;           *
Burl Moore, *
                                      *
            Appellants,               *
                                      *
      v.                              *   Appeal from the United States
                                      *   District Court for the
MidAmerican Energy Company;           *   Northern District of Iowa
William G. Stowe; International        *
Brotherhood of Electrical Workers,     *
Local 499; William L. Wilson,          *
                                      *
            Appellees.                *

_____

Submitted:   December 8, 1997

Filed:   August 20, 1998

_____

Before McMILLIAN, MAGILL and MURPHY, Circuit Judges.

_____

McMILLIAN, Circuit Judge.

Luke Schuver, Terry Porsch, and Burl Moore (appellants) appeal from a final order entered in the United States District Court[1] for the Northern District of Iowa, granting summary judgment in favor of MidAmerican Energy Co. (MEC), William G. Stowe, International Brotherhood of Electrical Workers Local 499, and William L. Wilson (appellees), on appellants' state law claims of promissory estoppel, equitable fraud, and breach of fiduciary duty. Schuver v. MidAmerican Energy Co., No. C96-4067-DEO (N.D. Iowa Apr. 7, 1997) (order granting summary judgment). For reversal, appellants argue that the district court erred in (1) denying their motion to remand, id. (Dec. 13, 1996) (order denying motion to remand), and (2) determining that their claims were time-barred by virtue of the six-month statute of limitations prescribed by § 10(b) of the National Labor Relations Act (NLRA), 29 U.S.C. § 160(b). For the reasons stated below, we affirm the order of the district court.

## Jurisdiction

Jurisdiction in the district court was proper based upon 28 U.S.C. §§ 1331, 1337. Jurisdiction in this court is proper based upon 28 U.S.C. § 1291. The notice of appeal was timely filed pursuant to Rule 4(a) of the Federal Rules of Appellate Procedure.

## Background

The facts in this case are essentially undisputed. Appellants are retired employees of two utility companies, MEC (formerly Midwest Power Co.) and Iowa Power Co., which have since merged. In June 1994, MEC notified its employees that the premium for retiree health insurance would increase after July 1, 1995. MEC also notified its employees that if they retired prior to June 1, 1995, the premiums on their health insurance would not be increased. Appellants voluntarily retired before June 1,

---

[1]The Honorable Donald E. O'Brien, Senior United States District Judge for the Northern District of Iowa.

1995. MEC also promised in an oral agreement that appellants would be paid an early retirement incentive bonus. Appellees agreed that this bonus would equal the incentive bonus that any remaining employee would receive for early retirement.

Appellants were members of Local 499 of the International Brotherhood of Electrical Workers (IBEW). IBEW was their exclusive bargaining representative pursuant to a collective bargaining agreement between MEC and IBEW. Throughout the spring and summer of 1995, MEC and IBEW negotiated the reduction of the number of union employees. On August 10, 1995, MEC and IBEW reached an agreement (reorganizational agreement) which provided for a lump sum payment to employees, like appellants, who retired prior to June 1, 1995. The agreement did not address retiree health insurance premiums for those who retired before or after June 1, 1995.

On September 22, 1995, MEC and IBEW sent a letter and a check for $3,000 to each appellant. The letter explained that the purpose of the check was to supplement appellants' retirement income and indicated that they should call if they had any questions. Appellants contacted an attorney who wrote a letter on February 15, 1996, claiming that appellants were entitled to benefits totaling $177,550. Appellants claimed that Stowe and Wilson, as agents of MEC and IBEW, respectively, orally promised appellants that, if they voluntarily retired before June 1, 1995, they would be protected under the voluntary retirement program that would be put into effect to the same extent as they were protected in the reorganization agreement. Appellants alleged that under the reorganization agreement, employees who retired after June 1, 1995 ("early retirees"), were entitled to substantially greater lump sum payments than the $3,000 appellees offered them. MEC denied that appellants were entitled to additional benefits and explained that no MEC employee had been authorized to make any such representation.

On June 12, 1996, appellants filed a complaint in state court against MEC, IBEW, Stowe and Wilson alleging promissory estoppel, equitable fraud, and breach of fiduciary duty. On July 22, 1996, MEC and Stowe filed a notice of removal and an answer. The case was removed to federal district court. On July 30, 1996, IBEW and Wilson filed a notice of consent to removal and, on August 9, 1996, filed a motion to dismiss which the district court treated as a motion for summary judgment pursuant to Federal Rules of Civil Procedure 12(c). MEC and Stowe also moved for summary judgment. On August 20, 1996, appellants filed a motion to remand the case to state court.

On December 9, 1996, following a hearing, the district court denied the motion to remand, holding that the notices of removal were timely filed and that adjudication of appellants' state law claims required reference to and interpretation of federal labor law, specifically § 301(a) of the Labor Management Relations Act of 1947 (LMRA), 29 U.S.C. § 185. Slip op. at 4-5, 10-11 (Dec. 13, 1996) (order denying motion to remand). The district court further held that appellants' state law claims were completely preempted. Id. at 12.

On April 7, 1997, the district court granted summary judgment in favor of appellees, holding that appellants' claims accrued no later than September 29, 1995, and were thus time-barred by the six-month statute of limitations. Slip op. at 17 (Apr. 7, 1997) (order granting summary judgment). This appeal followed.

**Discussion**

I. Motion to remand

We first consider whether the district court erred in denying appellants' motion to remand this removed action to state court. The denial of a motion to remand is reviewed *de novo*. See County of St. Charles v. Missouri Family Health Council, 107

F.3d 682, 684 (8th Cir.), <u>cert. denied</u>, 118 S. Ct. 160 (1997); <u>see also</u> <u>Gaming Corp. of Am. v. Dorsey & Whitney</u>, 88 F.3d 536, 542 (8th Cir. 1996).

A case may be removed from state court to the federal district court if the action is within the district court's original jurisdiction. 28 U.S.C. § 1441(a). When jurisdiction is based on a federal question, the well-pleaded complaint rule requires that "a federal question [be] presented on the face of the plaintiff's properly pleaded complaint." <u>Caterpillar Inc. v. Williams</u>, 482 U.S. 386, 392 (1987) (<u>Caterpillar</u>).

Appellants argue that this case was improperly removed to federal district court on the basis of federal question jurisdiction, because the underlying complaint requires interpretation of state law only. Appellants contend that because their complaint relies exclusively on state law, the well-pleaded complaint rule bars federal question jurisdiction. Appellants' complaint does not state a federal question on its face; however, the Supreme Court has established a narrow but significant exception to the well-pleaded complaint rule known as the complete preemption doctrine. "Once an area of state law has been completely pre-empted, any claim purportedly based on that pre-empted state law is considered, from its inception, a federal claim, and therefore arises under federal law." <u>Id.</u> at 393. The complete preemption doctrine "converts an ordinary state common-law complaint into one stating a federal claim for purposes of the well-pleaded complaint rule." <u>Metropolitan Life Ins. Co. v. Taylor</u>, 481 U.S. 58, 65 (1987) (ERISA preemption); <u>see also</u> <u>DeSantiago v. Laborers Int'l Union Local 1140</u>, 914 F.2d 125, 127 (8th Cir. 1990).

The Supreme Court has recognized the complete preemption doctrine primarily in labor cases involving state law claims that are preempted by § 301(a) of the LMRA, 29 U.S.C. §185(a). <u>See, e.g.</u>, <u>Caterpillar</u>, 482 U.S. at 393-94; <u>Avco Corp. v. Aero Lodge No. 735, Int'l Ass'n of Machinists</u>, 390 U.S. 557, 558 (1968). Section 301(a) provides, in part, that "[s]uits for violation of contracts between an employer and a labor organization . . . or between any such labor organizations, may be brought in any

district court of the United States," 29 U.S.C. § 185(a), and completely preempts state law claims founded "directly on rights created by collective-bargaining agreements, and also claims 'substantially dependent on analysis of a collective-bargaining agreement.'" Caterpillar, 482 U.S. at 394 (quoting IBEW v. Hechler, 481 U.S. 851, 859 n.3 (1987)). Where a state law claim is based on a collective bargaining agreement or is "inextricably intertwined" with the contents of a collective bargaining agreement, the claim is subject to § 301(a) preemption. Allis-Chalmers Corp. v. Lueck, 471 U.S. 202, 213 (1985) (Lueck).

Appellants argue that their state law claims are not preempted by § 301(a) because their claims are purely factual and do not depend upon the interpretation, analysis, or construction of a collective bargaining agreement. Appellants rely on the Iowa Supreme Court's decision in Barske v. Rockwell Int'l Corp., 514 N.W.2d 917 (Iowa 1994) (Barske). In Barske, the Iowa Supreme Court recognized that "[s]o 'long as the state-law claim can be resolved without interpreting the agreement itself, the claim is "independent" of the agreement for § 301 preemption purposes.'" Id. at 922, citing Lingle v. Norge Div. of Magic Chef, Inc., 486 U.S. 399, 410 (1988). The Iowa Supreme Court cited this court's opinion in Anderson v. Ford Motor Co., 803 F.2d 953 (8th Cir. 1986) (Anderson), cert. denied, 483 U.S. 1011 (1987). 514 N.W.2d at 923. In Anderson, we held that employee claims of fraudulent misrepresentation were not completely preempted by § 301 because the torts of fraudulent and negligent misrepresentation "arise in state common law and are measured by standards of conduct and responsibility completely separate from and independent of a collective bargaining agreement." 803 F.2d at 959.

While the state law claims in this case are similar to those in Barske and Anderson, the facts of those cases are distinguishable. In the present case, appellants were employees and union members at the time the alleged misrepresentations were made. Appellants were covered by the collective bargaining agreement between MEC and IBEW and, therefore, were represented by IBEW as to the terms of the agreement.

Appellants had the opportunity to express to MEC and IBEW their opinions, concerns, and questions concerning the terms that included them in the collective bargaining agreement. The employees in Barske and Anderson were never given that opportunity.

In order to prove their state law claims of fraud, promissory estoppel, and breach of fiduciary duty, appellants must show, among other things, that the terms of the oral contract are not superseded or contradicted by the terms of the collective bargaining agreement. Therefore, we agree with the district court that because the resolution of appellants' state law claims is inextricably intertwined with and substantially dependent upon analysis of the terms of the collective bargaining agreement, their claims are thus subject to the complete preemption doctrine. Lueck, 471 U.S. at 213. Accordingly, we hold that the district court properly denied appellants' motion to remand this removed action to state court.

II. Statute of Limitations

We review a grant of summary judgment *de novo*. The question before the district court, and this court on appeal, is whether the record, when viewed in the light most favorable to the non-moving party, shows that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); see, e.g., Celotex v. Catrett, 477 U.S. 317, 322-23 (1986); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249-50 (1986); St. Paul Fire & Marine Ins. Co. v. FDIC, 968 F. 2d 695, 699 (8th Cir. 1992). Where the unresolved issues are primarily legal rather than factual, summary judgment is particularly appropriate. Crain v. Board of Police Comm'rs, 920 F.2d 1402, 1405-06 (8th Cir. 1990).

Neither party disputes that a six-month statute of limitations applies to appellants' claims. See NLRA § 10(b), 29 U.S.C. § 160(b); DelCostello v. International Bhd. of Teamsters, 462 U.S. 151, 172 (1983) (holding six-month period of limitations provided in § 10(b) of the NLRA, 29 U.S.C. § 160(b), governs in hybrid

§ 301 suits as to claims against both the employer and the union). Appellants argue that the district court erred in holding, as a matter of law, that their cause of action accrued no later than September 29, 1995, when appellants knew or reasonably should have known of MEC's refusal to pay the benefits allegedly promised. Appellants argue that the six-month limitation period began to run on February 28, 1996-- the date on which MEC's attorney notified appellants by letter that MEC denied appellants' claims for additional compensation pursuant to the collective bargaining agreement's early retirement program. Appellants cite Barton v. Creasey Co., 718 F. Supp. 1284, 1288 (N.D. W. Va. 1989), aff'd, 900 F.2d 249 (4th Cir.) (table), cert. denied, 498 U.S. 849 (1990), for the proposition that the accrual date is the date when appellees failed to pay the benefits claimed by appellants. Appellants argue that there must first be a claim for benefits before a denial of benefits can trigger the running of the six-month period of limitations. Appellants contend that the February 1996 letter to MEC demanding payment pursuant to their oral agreements was the claim for benefits. The six-month limitation period did not begin to run, appellants argue, until February 28, 1996, when MEC denied their claim for benefits. We disagree.

A § 301 claim accrues "'when the claimant discovers, or in the exercise of reasonable diligence, should have discovered, the acts constituting the alleged violation.'" Noble v. Chrysler Motors Corp., Jeep Div., 32 F.3d 997, 1000 (6th Cir. 1994) (quoting Robinson v. Central Brass Mfg. Co., 987 F.2d 1235,1239 (6th Cir.), cert. denied, 510 U.S. 827 (1993)); see also Skyberg v. United Food & Commercial Workers Int'l Union, 5 F.3d 297, 301 (8th Cir. 1993) (holding that "the six-month limitations period begins to run when the employee knows or reasonably should know that the union has breached its duty of fair representation") (citing Santos v. District Council, 619 F.2d 963, 969 (2d Cir. 1980)).

The reorganizational agreement between IBEW and MEC was signed on August 10, 1995. That agreement required MEC to send all recently retired employees a check for approximately $3000. On September 22, 1995, MEC sent checks to appellants

pursuant to the reorganizational agreement, and a letter explaining that the purpose of the check was to supplement their retirement. Appellants received the checks and letters no later than September 29, 1995. We agree with the district court that appellants' cause of action accrued on September 29, 1995. At that time, appellants knew or reasonably should have known of MEC's refusal to pay the benefits allegedly promised. The district court properly held, therefore, that appellees were entitled to judgment as a matter of law because the applicable six-month statute of limitations lapsed, at the very latest, on March 27, 1996, and appellants did not file their complaint until June 12, 1996.

## Conclusion

For the foregoing reasons, we hold that the district court did not err in denying appellants' motion to remand or in granting appellees' motion for summary judgment. Accordingly, the order of the district court is affirmed.

A true copy.

Attest:

U.S. COURT OF APPEALS, EIGHTH CIRCUIT.