# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 98-1917

_____

| | | |
|---|---|---|
| Werner Enterprises, Inc., | * | |
| | * | |
| Appellant, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | Western District of Missouri. |
| MNX Carriers, Inc.; Mark VII, Inc., | * | |
| | * | |
| Appellees. | * | |

_____

Submitted: November 6, 1998
Filed: December 22, 1998

_____

Before RICHARD S. ARNOLD, HEANEY, and MAGILL, Circuit Judges.

_____

MAGILL, Circuit Judge.

This appeal arises from a dispute regarding liability for property loss resulting from theft at a commercial storage site. In granting defendants' Rule 12(b)(6) motion to dismiss, the district court[1] concluded that under the written lease the landlord was not responsible for the theft of plaintiff's property. We affirm.

_____

[1]The Honorable Robert E. Larsen, United States Magistrate Judge for the Western District of Missouri, who presided with the consent of the parties pursuant to 28 U.S.C. § 636(c).

## I.

Werner Enterprises, Inc. (Werner), a commercial transport company, entered into a lease agreement with MNX Carriers, Inc. for twenty parking spaces in which to park its tractors and trailers. Sometime between 6:00 a.m. on June 23, 1995 and 6:00 a.m. on June 24, 1995, two of plaintiff's trailers carrying brand name electronic equipment of substantial value were stolen from MNX's parking facility. Werner brought suit against MNX Carriers, Inc. and Mark VII, Inc.[2] (collectively, MNX), alleging negligence and breach of contract in connection with the loss. MNX filed a motion to dismiss for failure to state a claim for relief, arguing it had breached no common law duty or contractual duty to Werner.[3] The district court granted the motion, and Werner timely appealed only the ruling on its breach of contract claim.

## II.

A complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of the claim that would entitle plaintiff to relief. Conley v. Gibson, 355 U.S. 41, 45-46 (1957). Whether a complaint states a claim is a question of law that this Court reviews de novo. County of St. Charles, Mo. v. Missouri Family Health Council, 107 F.3d 682, 684 (8th Cir. 1997).

Werner contends that MNX is responsible for Werner's loss because MNX's release of the trailers without first demanding identification constituted a breach of the lease's security provisions. The section of the lease governing security issues provides:

---

[2]Mark VII, Inc. is alleged to be the parent company of MNX Carriers, Inc.

[3]The parties agree that the lease agreement is governed by California law.

-2-

Access

4.      Lessee will have access to the Premises 24 hours per day, 7 days per week.  All employees or agents of Lessee must present identification as agreed upon between Lessee and Lessor for such access to and from Premises, however, <u>lessor will not be responsible for the acceptance or release of any property of lessee</u> but reserves the right to limit access to premises to those without acceptable identification.  <u>Lessor's obligation for security of the premises shall be limited providing [sic] adequate fencing and lighting</u>.  Lessor will use reasonable care in its operation, use and maintenance of the Premises.

Lease § 4 (emphases added).

Werner asserts that the clause reserving to MNX the "right to limit access to premises to those without acceptable identification" imposes a duty on MNX to require presentation of proper identification prior to allowing release of Werner's trailers.[4] There are three fundamental reasons why Werner is wrong.  First, the contract affords MNX the privilege to limit access to its premises and require identification; it does not impose a duty on MNX.  Second, the references to identification in the Access section of the lease relate only to access to MNX's premises, not to the release of its customers' trailers.  Third, to accept Werner's reading would render meaningless two clauses in the lease.

Werner confuses the concept of a right with the concept of a duty.  A duty is an obligation to do a thing; a right is a power or privilege to do a thing.  <u>Compare Black's</u>

---

[4]Werner does not argue that MNX breached some extra-contractual agreement regarding identification requirements for access.  In fact, Werner does not even allege there existed such an agreement.  This argument would be ineffective in any event. Because such an identification agreement would apply only to "employees or agents" of Werner, not thieves, it would be inapplicable where, as here, property is stolen by an unrelated third party.

Law Dictionary 505 (6th ed. 1990) (defining duty as a "mandatory obligation to perform") with id. at 1323-24 (defining rights generally as "powers of free action"). It should go without saying that MNX cannot simultaneously have the discretionary power to demand a showing of identification and be obligated to demand such a showing. Yet, this is precisely what Werner argues. The language of the lease could not more clearly reflect the agreement of the parties to vest in MNX the discretion to demand identification from Werner's employees. The lease affords MNX the "right" to make such demands; it imposes no duty on MNX to do so.

That MNX has no contractual duty to demand identification is further supported by other pertinent lease provisions. Not only does the lease expressly limit MNX's "obligation" for security of the premises to "adequate fencing and lighting," it also provides that MNX "will not be responsible for the acceptance or release of any property" of Werner. The only reasonable interpretation of the lease is that MNX's duty of security did not include a duty to demand identification. Because the terms of the lease are clear and unambiguous, see Jacobs v. Fire Ins. Exch., 227 Cal. App. 3d 584, 590 (1991) (noting contract is unambiguous where it can be interpreted in only one reasonable way), we must enforce them. See Merrill & Seeley, Inc. v. Admiral Ins. Co., 225 Cal. App. 3d 624, 630 (1990) (noting California courts construe contract according to its clear and unambiguous terms).

Even if MNX did have a duty to demand identification, this duty would apply only to "access to and from [the] Premises," not to the release of the lessee's property. Werner does not complain that it suffered damages as a result of MNX's failure to exclude individuals from its premises. Rather, in its response to MNX's Rule 12(b)(6) motion Werner alleges MNX violated its contractual duties when it failed "to assure that employees of plaintiff presented the proper identification prior to allowing release of plaintiff's trailers." Opp. to Mot. to Dismiss at 6. Because the only damage complained of arose from the release of the trailers, not MNX's granting access to its premises, any duty to require identification would be inapposite in this case.

The construction Werner urges us to accept would render two clauses in the lease nugatory. Our adopting Werner's argument would violate the well-settled rule of law that all parts of a contract should be given effect. See City of El Cajon v. El Cajon Police Officers' Ass'n, 49 Cal. App. 4th 64, 71 (1996) (noting court interpreting contract should give effect to every provision and should avoid interpreting contract so as to render any part surplusage). Were we to impose a duty on MNX to demand identification before releasing any of Werner's property, we would emasculate the lease's express provisions limiting MNX's liability for security. These provisions, which state MNX will not be responsible for the release of Werner's property and limit MNX's obligations for security to fencing and lighting, cannot be given effect under Werner's reading of the lease. We cannot construe this lease in a manner that contravenes its plain language and renders it internally inconsistent.

## III.

The lease agreement unambiguously demonstrates that MNX assumed no duty to supervise the release of Werner's property. Because MNX assumed no such duty, Werner cannot state a claim for breach of contract in relation to the theft of its trailers. The district court's granting of MNX's motion to dismiss is affirmed.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.