# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 99-4012

_____

Delores Stephens,       *
              *
      Appellant,    *
              *
  v.            *  Appeal from the United States
              *  District Court for the Western
              *  District of Arkansas.
Rheem Manufacturing Company,  *
              *
      Appellee.    *

_____

Submitted: May 8, 2000
Filed: August 11, 2000

_____

Before RICHARD S. ARNOLD and HEANEY, Circuit Judges, and
    MAGNUSON,[1] District Judge.

_____

MAGNUSON, District Judge.

    Delores Stephens appeals a jury verdict in favor of her employer Rheem Manufacturing Company. She contends that the District Court[2] erred in excluding

_____

    [1] The Honorable Paul A. Magnuson, Chief Judge, United States District Court for the District of Minnesota, sitting by designation.

    [2] The Honorable Jimm L. Hendren, United States District Judge for the Western District of Arkansas.

certain evidence and in denying her Motion for a New Trial. For the reasons stated below, we affirm the District Court's rulings.

## I. BACKGROUND

Appellant Delores Stephens ("Stephens") has been an employee of Appellee Rheem Manufacturing Company ("Rheem") since April 5, 1993. For the first three years of her employment, Stephens worked directly for and closely with Dennis Roberson ("Roberson"). Although their working relationship was initially quite professional, by the close of 1993 Roberson had begun to regularly compliment Stephens on her appearance and to make sexually suggestive comments in her presence. He would also frequently blow into her ear or on her hair, shake her chair from behind, and try to lift her skirt with a back-scratcher. Stephens even became aware that Roberson offered $100 to any male employee who could sleep with her and provide proof of the assignation.

On June 19, 1996, Stephens complained to Rheem about Roberson's conduct. Roberson was immediately placed on administrative leave pending an investigation into the matter. During the investigation, those interviewed uniformly remarked that Roberson was infatuated with Stephens, that he treated her more favorably than other employees, and that he showered her with an unusual amount of attention, usually of a sexual nature. During his interview, Roberson admitted that he had engaged in the aforementioned conduct, however, he explained that his relationship with Stephens was consensual, and that she–with rare exception–responded playfully to his behavior. Roberson's version of events was corroborated at trial by several witnesses who testified that the relationship between Stephens and Roberson was flirtatious in nature and appeared to be consensual.

Roberson was ultimately placed on disciplinary suspension for one week without pay, permanently stripped of his supervisory authority, and transferred to another

department.  Although Roberson and Stephens have had only brief and incidental contact since the investigation, Stephens was displeased that he was not fired or transferred to a different facility.  She sued Rheem and Roberson in Arkansas circuit court alleging sexual harassment in violation of Title VII of the Civil Rights Act of 1964 and the Arkansas Civil Rights Act, and various violations of Arkansas common law.[3]  Rheem promptly removed the case to the United States District Court for the Western District of Arkansas.

On March 16, 1998, the District Court granted Rheem's Motion for Summary Judgment in full.  On December 23, 1998, this Court reversed and remanded in light of the Supreme Court's intervening rulings in Burlington Indus., Inc. v. Ellerth, 524 U.S. 742, 765 (1998) and Faragher v. Boca Raton, 524 U.S. 775, 807 (1998).  On remand, Rheem once again filed for summary judgment.  The District Court denied the Motion as to Stephens' Title VII and Arkansas Civil Rights Act counts, and granted summary judgment on the remaining common law counts.

The case finally proceeded to trial on August 30, 1999.  On September 1, 1999, the jury returned a verdict in favor of Rheem on all counts.  Stephens then filed a Motion for New Trial, arguing that the verdict was against the weight of the evidence and that significant new evidence had been discovered.  The District Court denied Stephens' Motion, and this appeal followed.

---

[3]  On September 8, 1997, the Title VII and Arkansas Civil Rights Act claims against Roberson were dismissed.  The remaining state law claims against him were remanded to Arkansas circuit court.

## II. DISCUSSION

### A. Exclusion of Evidence.

Prior to trial, Rheem filed a motion in limine asking the District Court to exclude rumors of sexual affairs among Rheem management and employees. The District Court excluded the evidence under Fed. R. Civ. P. 403, finding that its probative value was substantially outweighed by the danger of unfair prejudice. On appeal, Stephens argues that this evidence should have been admitted notwithstanding the threat of prejudice because it would have effectively rebutted Rheem's <u>Faragher</u> defense and would have conclusively established that Roberson's conduct was unwelcome.

We review a district court's exclusion of evidence for a clear abuse of discretion. <u>See</u> <u>Adams v. Fuqua Indus., Inc.</u>, 820 F.2d 271, 273 (8th Cir. 1989). Only when the evidence excluded is of such a critical nature that there is "no reasonable assurance that the jury would have reached the same conclusion had the evidence been admitted" has a district court so abused its discretion. <u>Id.</u> No such abuse has occurred in this case.

We fully agree with the District Court that the admittance of such salacious rumor-based evidence could have unduly prejudiced the jury against Rheem, and that this danger of prejudice greatly outweighed the limited probative value of the evidence. Even if we did not agree, however, we are convinced that admission of the evidence would not have affected the jury's verdict.

Stephens advances two uses for the rumor evidence. She first argues that the evidence should have been admitted for the purpose of refuting Rheem's <u>Faragher</u> defense, for which Rheem was required to establish that Stephens' failure to report Roberson sooner was unreasonable. <u>See</u> <u>Faragher</u>, 524 U.S. at 807; <u>Ellerth</u>, 524 U.S. at 765. This argument requires little discussion because the verdict was quite clearly

based on Stephens' failure to establish the existence of a sexually hostile work environment, not on Rheem's <u>Faragher</u> defense. (<u>See</u> J.A. 704-6.) Therefore, if used for this purpose, the evidence would not have led to a different result, and cannot now serve as a basis for reversal.

Stephens next argues that the evidence should have been admitted for the purpose of establishing that Roberson's conduct was unwelcome. Stephens explains that her willingness to tolerate Roberson's behavior for so long was not because it was welcome, but because the rumors led her to believe that she had no recourse. Even if true, we are not persuaded that the evidence would have affected the verdict.

First, Stephens presented ample evidence from which the jury could have concluded that Roberson's conduct was unwelcome, rendering any additional evidence in this regard merely cumulative. Second, and perhaps most importantly, the rumor evidence does not necessarily establish that Stephens found the conduct unwelcome. Indeed, because consensual affairs and unwelcome sexual harassment are entirely separate exploits, with distinct motivations and underlying conduct, the jury could have reasonably concluded that the rumor evidence was wholly irrelevant.
Accordingly, the District Court's decision to exclude the rumor evidence was not an abuse of discretion.

## B.      Denial of Motion for a New Trial:  Sufficiency of the Evidence.

Following the verdict, Stephens summarily moved for a new trial, stating only that "[t]he verdict of the jury is clearly contrary to the preponderance of the evidence and the law." (J.A. at 719.) With somewhat more detail, Stephens now appeals the District Court's denial of her Motion, arguing that because Roberson admitted that he regularly directed sexually suggestive comments and actions towards her, the jury could not have rationally found for Rheem.

A district court's denial of a motion for a new trial based on the sufficiency of

the evidence is "virtually unassailable on appeal" and will be disturbed only upon a finding of a clear abuse of discretion. Czajka v. Black, 901 F.2d 1484, 1485 (8th Cir. 1990). We are certain that no such abuse occurred in this case. Indeed, the verdict can easily be reconciled with the evidence presented at trial.

The jury heard numerous witnesses testify that Stephens appeared to enjoy spending time with Roberson notwithstanding his overtly sexual overtures. Although the jury also heard Stephens testify to the contrary, the jury was free to disbelieve her testimony. See DiCarlo v. Keller Ladders, Inc., 211 F.3d 465, 468 (8th Cir. 2000). Even if we could second-guess the jury's measure of credibility, we are not so inclined. See United States v. Anderson, 78 F.3d 420, 422-23 (8th Cir. 1996).

Further, Rheem's concession that Roberson's conduct was objectively inappropriate did not, as Stephens argues, mandate a verdict in her favor. Rather, an employer's inappropriate conduct is only one facet of a successful sexual harassment claim. The plaintiff must also establish that the conduct was unwelcome and subjectively inappropriate. See Schmedding v. Tnemec Co., Inc., 187 F.3d 862, 864 (8th Cir. 1999). As previously discussed, the jury reasonably rejected such a finding in this case. The District Court's denial of Stephens' Motion for New Trial was therefore wholly appropriate and did not approach an abuse of discretion.

## C.     Denial of Motion for New Trial:  Newly Discovered Evidence.

Stephens next argues that she was entitled to a new trial on the basis of newly discovered evidence. First, Jack Dempsey ("Dempsey"), a former Rheem employee, disclosed that Roberson had openly expressed his intention to actively pursue Stephens from the start of her employment with Rheem. Second, an anonymous individual revealed that his relative had seen Roberson in a compromising position with another Rheem employee.

A district court's denial of a motion for new trial on the basis of newly discovered evidence will be disturbed only upon a finding of a clear abuse of discretion. See Baxter Int'l, Inc. v. Morris, 11 F.3d 90, 92 (8th Cir. 1993). In order to qualify for a new trial on the basis of newly discovered evidence, the movant must establish that: 1) the evidence in question was discovered after trial; 2) she exercised due diligence to discover the evidence before the end of trial; 3) the evidence is material and not merely cumulative or impeaching; and 4) a new trial at which the evidence is introduced would probably result in a verdict for the movant. See id.

The District Court held, and we agree, that the Dempsey evidence does not mandate a new trial. Dempsey's statement merely confirms Roberson's undisputed longstanding infatuation with Stephens, something not really in issue at trial. Additionally, because the case turned upon Roberson's conduct and its effect on Stephens rather than on Roberson's subjective intent, the evidence is of questionable relevance. Even if Dempsey's statement could somehow be classified as material and non-cumulative, the District Court's failure to make such a finding was certainly not an abuse of discretion.

Stephens' reliance on the information provided by the anonymous caller is similarly unavailing. First, putting aside the obvious problems given the anonymity of the caller, the vagueness of the information he provided, and the fact that the statement is pure hearsay, the evidence is of questionable relevance. It establishes only that Roberson engaged in a consensual affair with another adult, not that Stephens' work environment was impermissibly hostile. Second, because the District Court expressly excluded testimony regarding intra-office affairs, the evidence would have been inadmissible even if known at the time of trial. Third, even if the statement could be used for impeachment purposes, merely impeaching evidence cannot serve as the basis for a new trial. See id.

Finally, Stephens contends that the information provided by the anonymous

caller would have established that her decision to wait three years before reporting Roberson was reasonable. This argument quite clearly bears on Rheem's <u>Faragher</u> defense. As previously noted, however, the jury based its decision on Stephens' failure to establish an unwelcome hostile work environment, not on Rheem's <u>Faragher</u> defense. Therefore, evidence explaining Stephens' hesitation in reporting Roberson would not have affected the verdict, and cannot now serve as the basis for a new trial.

## III. CONCLUSION

The District Court did not err in excluding evidence regarding alleged intra-office affairs or in denying Stephens' Motion for New Trial. Accordingly, the judgment and the District Court's denial of a new trial is affirmed.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.