# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 00-1213

_____

| | | |
|---|---|---|
| Yvonne Jallow; Bret Rogers, | * | |
| | * | |
| Appellants, | * | |
| | * | |
| v. | * | Appeal from the United States |
| | * | District Court for the |
| Board of Education of the | * | District of Minnesota. |
| Minneapolis Public Schools, | * | |
| Special School District #1, | * | [UNPUBLISHED] |
| | * | |
| Appellee. | * | |

_____

Submitted: May 22, 2001
Filed: May 29, 2001

_____

Before HANSEN, MORRIS SHEPPARD ARNOLD, and BYE, Circuit Judges.

_____

PER CURIAM.

Yvonne Jallow and Bret Rogers, both African Americans, brought a discrimination action against their former employer, the Board of Education of Minneapolis Public Schools, Special School District #1 (District). Both appeal from the district court's[1] grant of summary judgment as to their reprisal claims; Rogers appeals the court's grant of summary judgment on his hostile-work-environment and

_____

[1]The Honorable Ann D. Montgomery, United States District Judge for the District of Minnesota.

failure-to-accommodate claims; and Jallow challenges rulings which excluded certain evidence during her jury trial.

Upon de novo review, see Schuver v. MidAm. Energy Co., 154 F.3d 795, 799-80 (8th Cir. 1998), we conclude the district court properly granted summary judgment to District as to (1) plaintiffs' reprisal claims, see Cossette v. Minn. Power & Light, 188 F.3d 964, 972 (8th Cir. 1999) (prima facie case of reprisal in Title VII claims); Rothmeier v. Inv. Advisers, Inc., 85 F.3d 1328, 1338-39 (8th Cir. 1996) (Minnesota Human Rights Act (MHRA) claims analyzed in accordance with federal precedent); (2) Rogers's hostile-work-environment claim, see 42 U.S.C. § 2000e-5(e)(1) (Title VII charge shall be filed with Equal Employment Opportunity Commission within 300 days after alleged unlawful employment practice); Minn. Stat. § 363.06, Subd. 3 (Supp. 2000) (requiring charges of discrimination under MHRA to be filed within one year of alleged discrimination); Stuart v. Gen. Motors Corp., 217 F.3d 621, 630-31 (8th Cir. 2000) (exhaustion of administrative remedies under Title VII requires plaintiff to give notice of claims in administrative complaint; plaintiff may seek relief for any discrimination that grows out of, is like, or is reasonably related to substance of charge allegations); and (3) Rogers's failure-to-accommodate claim, see Wallin v. Minn. Dep't of Corr., 153 F.3d 681, 686 (8th Cir. 1998) (prima facie case under Americans with Disabilities Act), cert. denied, 526 U.S. 1004 (1999). We further conclude the district court did not clearly abuse its discretion in excluding certain evidence during Jallow's jury trial. See Stephens v. Rheem Mfg. Co., 220 F.3d 882, 885 (8th Cir. 2000) (standard of review; clear abuse of discretion occurs only when excluded evidence is so critical that there is no reasonable assurance that jury would have reached same conclusion had evidence been admitted); Fed. R. Evid. 402 (irrelevant evidence is not admissible), 802 (hearsay is not admissible).

Accordingly, we affirm. See 8th Cir. R. 47B.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.