# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 02-1663

_____

Gary Shoaf,                                  *
                                             *
                    Appellant,               *
                                             *
        v.                                   *
                                             *    Appeal from the United States
American Way Transports, Inc.;               *    District Court for the Eastern
Moise Tudor;                                 *    District of Arkansas.
                                             *
                    Appellees.               *          [UNPUBLISHED]
                                             *

_____

Submitted:   September 9, 2002

Filed:   September 23, 2002

_____

Before LOKEN, FAGG, and RILEY, Circuit Judges.

_____

PER CURIAM.

Gary Shoaf was involved in a car-truck accident with Moise Tudor, an
employee of American Way Transport, near a truck stop in Arkansas. Alleging he
suffered a fractured tibia and a knee injury as a result, Shoaf brought this diversity
action against American Way, and a jury awarded Shoaf $62,500 for lost earnings.
Although Shoaf's comparative fault was submitted to the jury, the jury was not asked
to specify how much liability it assigned to Shoaf.  Shoaf filed a motion for a new
trial challenging the damage award, the exclusion of evidence of Tudor's earlier

convictions, and other evidentiary rulings. The district court[*] denied Shoaf's motion, concluding the verdict was not against the weight of the evidence. Shoaf renews his arguments on appeal.

Shoaf first contends a new trial should be granted because the jury committed error in assessing the damage award. Shoaf contends the jury should have awarded damages for his pain and suffering, mental anguish, scars and disfigurement, and reasonable and necessary medical expenses. We examine the adequacy of the damage award under Arkansas law. TCBY Sys., Inc. v. RSP Co., 33 F.3d 925, 930 (8th Cir. 1994). Error in the assessment of damages is a ground for a new trial when a reasonable jury could not have fixed the award at the challenged amount. Id. at 930-31.

Evidence at trial showed Shoaf had three surgical procedures on his left knee after the accident. Shoaf underwent a knee surgery to repair a torn meniscus on May 11, 1998, eight days after the accident, another knee surgery on April 28, 1999, and a total knee replacement on May 23, 2000. Shoaf's medical expenses totalled over $90,000. The jury could reasonably award no damages for medical expenses, however, because Shoaf's doctor testified there was "room for disagreement" about whether Shoaf's knee problems were a result of pre-existing degenerative changes, rather than trauma-induced. Thus, the jury could have found that unlike the tibia fracture that caused Shoaf to miss work, the knee injuries that produced medical expenses, pain and suffering, mental anguish, and scars and disfigurement were unrelated to the accident. The jury was not required to accept the evidence or testimony offered in support of Shoaf's damages, and may have reduced Shoaf's award by his own percentage of fault.

---

[*]The Honorable Stephen M. Reasoner, United States District Judge for the Eastern District of Arkansas.

Shoaf next contends a new trial should be granted because the expert opinion of John Bentley, an accident reconstructionist, was not based on sufficient facts and data, scientific principles, and reliable methods. Expert testimony is admissible if it will help the jury understand the evidence or decide a fact in issue. Fed. R. Evid. 702; Miles v. General Motors Corp., 262 F.3d 720, 724 (8th Cir. 2001). Considering physical evidence, photographs, and calculations based on time and distance, Bentley testified about whether it was possible, as Shoaf's eyewitness claimed, for a 72 foot-long truck to come off the access road and maneuver all 18 wheels into the left lane before making the right turn into the truck stop. We conclude the district court did not abuse its discretion in admitting the expert testimony. See Miles, 262 F.3d at 724. Disagreements about methodology and technique go to the weight the jury should give the evidence rather than its admissibility. Id. Further, Shoaf does not explain how admission of the testimony harmed him or affected any substantial right. See Fed. R. Civ. P. 61.

Shoaf also asserts the district court erroneously excluded testimony that Tudor had to "prove himself innocent" to his employer. The district court did not clearly abuse its discretion in excluding the testimony. Stephens v. Rheem Mfg. Co., 220 F.3d 882, 885 (8th Cir. 2000). The district court properly excluded the evidence under Fed. R. Evid. 403 (allowing exclusion of relevant evidence on grounds of prejudice or confusion), because the evidence could have confused the jury about instructions on the burden of proof, presumptions, and similar issues. The testimony was also irrelevant. It does not show American Way believed Tudor was at fault, or that Tudor was in fact at fault.

Last, Shoaf contends the district court should have admitted evidence of Tudor's alleged Canadian conviction for assault under Fed. R. Evid. 609 (evidence of criminal conviction admissible for impeachment purposes if crime is punishable by imprisonment exceeding one year and court determines probative value of evidence outweighs its prejudicial effect). The district court did not clearly abuse its discretion in excluding the testimony because Shoaf did not meet his burden to show

the crime was punishable by a sentence exceeding one year, and any probative value was outweighed by the conviction's prejudicial effect, <u>see</u> Fed. R. Evid. 403.

In sum, the district court did not abuse its discretion in denying Shoaf a new trial.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.