# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 05-2530

_____

Gary Samuels; Sondra Samuels,     *
                             *

         Plaintiffs-Appellants,     *
                             *     Appeal from the United States
    v.                           *     District Court for the
                             *     Western District of Missouri.
American Family Insurance Company,     *
                             *         [UNPUBLISHED]
         Defendant-Appellee.     *

_____

Submitted: February 17, 2006
Filed: March 14, 2006

_____

Before LOKEN, Chief Judge, LAY and SMITH, Circuit Judges.

_____

PER CURIAM.

Gary and Sondra Samuels were involved in an automobile accident and sought coverage under the uninsured motorist provision of their insurance policy with American Family Insurance Company ("American Family"). After a jury verdict in favor of American Family, the Samuels appeal, arguing that the district court[1] erred in excluding pleadings filed in a separate state court action. We affirm.

_____

[1]The Honorable Howard F. Sachs, United States District Judge for the Western District of Missouri.

I.

On the morning of November 23, 2000, Gary Samuels was driving a rented white Chevrolet Lumina on Interstate 35 in McClain County, Oklahoma. Sondra Samuels was asleep in the front passenger seat. Gary Samuels testified that he was driving in the left of the two southbound lanes when his vehicle was clipped by an unknown white vehicle. The unknown vehicle then cut in front of the Samuels' vehicle, causing Gary to lose control and drive into the right southbound lane. The Samuels' vehicle hit the rear of a blue Chevrolet Astro van traveling in the right southbound lane, causing the van to roll several times, ejecting two passengers. All occupants of the van sustained injuries and one of the ejected passengers was killed.

At the time of the accident, the Samuels had an automobile insurance policy with American Family. Their insurance policy provided liability insurance coverage as well as uninsured motorist coverage. The occupants of the van brought a civil suit against Gary Samuels in Oklahoma state court. As obligated under the insurance policy, American Family retained counsel to represent Gary Samuels in this suit. The retained counsel filed an answer to the plaintiffs' petition, stating as an affirmative defense: "The injuries sustained by the Plaintiffs were caused by the negligence of a non-party and/or third party over whom the Defendant had no control."

The Samuels sustained bodily injuries from the accident and filed an uninsured motorist claim under their policy with American Family, alleging that the accident and their resulting injuries were caused by a "phantom" or hit-and-run vehicle. American Family denied the claim, stating that Gary Samuels' operation of his vehicle was the sole cause of the accident and there was no phantom vehicle involved. The Samuels brought suit in district court under diversity jurisdiction to recover compensatory damages and sought relief under the Missouri vexatious refusal-to-pay statute.

Oklahoma State Trooper Douglass George arrived after the accident and conducted an investigation. He interviewed Gary Samuels and Steve and Wanda Winters, witnesses to the accident, and asked everyone to provide written statements. Trooper George's notes indicate that Wanda Winters told him that just prior to the accident she observed what appeared to be a white Nissan Maxima traveling 90 miles per hour pass the vehicle in which she was traveling. His report then indicates that this unknown vehicle cut directly in front of the Samuels' vehicle, causing the accident as described by Gary Samuels.

Wanda Winters' written statement does not describe the accident in this manner. Rather, it describes a single small white car passing her vehicle at around 90 miles per hour and hitting the back of the van, knocking the van out of control. At trial, Wanda and Mark Winters both testified that the Samuels' vehicle passed their car on the right side at a high rate of speed. The Winters testified that the Samuels' vehicle attempted to move into the left lane to avoid contact with the van, but instead hit the van, causing it to lose control and roll off the highway. The Winters recalled that after the accident, a second white car briefly stopped at the scene.

The Samuels sought to introduce the pleadings from the Oklahoma lawsuit in the trial of their case against American Family. According to the Samuels, the Oklahoma pleadings are admissible as a statement against interest because, pursuant to the Samuels' liability coverage, American Family retained Gary Samuels' attorney in the Oklahoma litigation. The Samuels sought to use the Oklahoma pleadings to show the jury that American Family took inconsistent positions as to the cause of the accident. The district court excluded the pleadings in the Oklahoma suit from the evidence in the trial due to the risk of confusing the jury. The jury found for American Family and the Samuels filed a motion for a new trial. The district court denied this motion and the Samuels now appeal, arguing that the district court erred in excluding the Oklahoma pleadings.

We review a district court's exclusion of evidence for a clear abuse of discretion. *Stephens v. Rheem Mfg. Co.*, 220 F.3d 882, 885 (8th Cir. 2000). A district court has abused its discretion "[o]nly when the evidence excluded is of such a critical nature that there is 'no reasonable assurance that the jury would have reached the same conclusion had the evidence been admitted.'" *Id.* (quoting *Adams v. Fuqua Indus., Inc.*, 820 F.2d 271, 273 (8th Cir. 1987)). We need not address whether the pleadings in the Oklahoma suit can be attributed to American Family. The district court excluded Gary Samuels' answer in the Oklahoma lawsuit, albeit not expressly, under Fed. R. Evid. 403, finding that the probative value was substantially outweighed by the danger of confusing or misleading the jury.

We can see no reversible error in the district court's conclusion. The district court clearly determined the introduction of the Oklahoma lawsuit was not pertinent to the present case and would require lengthy explanation to the jury about the nature of the Oklahoma suit and the obligations of retained counsel. We agree with the district court's determination that the excluded evidence could likely result in juror confusion or misdirection that greatly outweighs whatever limited probative value it would provide. Moreover, in light of the evidence presented at trial, even if we disagreed with the district court's conclusion there is no reason to believe the jury would have reached a different conclusion had the pleadings been admitted. Therefore, we affirm the decision of the district court.

_____

-4-